(No. 14783.—Reversed and remanded.)
MYRTLE MILLER, Plaintiff in Error, *vs.* THE S. S. KRESGE
COMPANY, Defendant in Error.

*Opinion filed December 19, 1922.*

1. NEGLIGENCE—*declaration should state clearly the facts constituting the cause of action.* A declaration in an action for negligence should contain a clear and distinct statement of the facts which constitute the cause of action, so they may be understood by the party who is to answer them.

2. SAME—*what averments are necessary to cause of action for personal injuries.* In an action growing out of a personal injury, to make out a cause of action it is necessary to aver and prove the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, a failure of the defendant to perform that duty, and an injury to the plaintiff resulting from such failure.

3. SAME—*negligence of defendant need not be alleged in particular manner.* No special form of words is required in charging negligence, nor is it necessary to explicitly say of the defendant that he was guilty of negligence, but it is sufficient if the facts stated are such as to raise a duty and show a failure to perform that duty and a resulting injury, from which the law will attach the charge of negligence to such failure of duty.

4. SAME—*a declaration containing defective statement of good cause of action is good after verdict.* Though there is a defect, imperfection or omission in a declaration, of substance or form, which would have been a fatal objection upon a proper demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict.

5. SAME—*when declaration, although subject to special demurrer, states a cause of action.* A declaration by a customer or patron against the keeper of a store, although subject to special demurrer, states a cause of action where it charges the defendant with omission to fulfill its duty to the plaintiff by failing to maintain the aisles of the store in a reasonably safe condition for passage along them, by suffering and permitting a certain substance to remain upon the floor of one of said aisles, upon which the plaintiff slipped and fell and suffered the injury for which damages are sought.

6. SAME—*when a cause must be remanded to Appellate Court.*
Where the Appellate Court has reversed a judgment for the plain-
tiff on the sole ground that the declaration does not state a cause
of action, and the Supreme Court finds that the declaration, al-
though subject to special demurrer, does state a cause of action,
the cause should be remanded to the Appellate Court to consider
and pass upon meritorious questions properly raised by assignments
of error in that court.

WRIT OF ERROR to the First Branch Appellate Court
for the First District;—heard in that court on appeal from
the Circuit Court of Cook county; the Hon. THOMAS G.
WINDES, Judge, presiding.

JOHN A. BLOOMINGSTON, for plaintiff in error.

JOHN CLARK BAKER, (JOHN R. COCHRAN, of counsel,)
for defendant in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of
the court:

This cause is brought to this court by *certiorari* to re-
view a judgment of the Appellate Court for the First Dis-
trict reversing a judgment of the circuit court of Cook
county.

Plaintiff in error stated in her declaration that defend-
ant in error owned and operated a store in the city of Chi-
cago; that on October 30, 1916, the store was open to the
public; that she went into the store as a patron for the pur-
pose of purchasing articles there displayed for sale; that
it was the duty of defendant in error to maintain its floors
and aisles in a reasonably safe condition for passage; that
it "wholly failed in its duty in this behalf, and, on the con-
trary, suffered and permitted a certain object or substance
to then and there be and remain upon the said floor," and
that while she, in the exercise of due care and caution for
her own safety, was walking upon the floor she slipped upon
said object or substance and fell and broke her leg. A de-

murrer to this declaration was sustained, an amended declaration was filed after the two-year period had expired, a plea of the general issue and a plea setting up the Statute of Limitations were filed, issue was joined on these pleas and on the trial a verdict was returned for the plaintiff. Motions to direct a verdict and in arrest of judgment were made and overruled. The Appellate Court held that the original declaration did not state a cause of action, that the cause of action stated in the amended declaration was barred, and that a verdict for defendant should have been directed. The sole question presented for review in this court is whether the original declaration stated a cause of action.

A declaration should contain a clear and distinct statement of the facts which constitute the cause of action so they may be understood by the party who is to answer them. (*City of Chicago* v. *Selz, Schwab & Co.* 202 Ill. 545; *Chicago City Railway Co.* v. *Jennings,* 157 id. 274.) In actions growing out of personal injuries it is necessary to aver and prove three elements to make out a cause of action: First, the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; second, a failure of the defendant to perform that duty; and third, an injury to the plaintiff resulting from such failure. (*McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232.) The first and third elements clearly appear in the declaration in this case. The question is whether the declaration charges that defendant in error failed to perform the duty which it owed to its patron, plaintiff in error. No special form of words is required to state the negligence on which the right of action is based. It is not necessary to explicitly say of the defendant that he was guilty of negligence. It is sufficient if the facts stated are such as to raise a duty and show a failure to perform that duty and a resulting injury from which the law will attach to such failure of duty the charge of negligence.

(*Illinois Steel Co.* v. *Ostrowski,* 194 Ill. 376; *Taylor* v. *Felsing,* 164 id. 331.) A general averment of negligence in doing a particular act is good as against a general demurrer. We have repeatedly held that although there is a defect, imperfection or omission in a declaration, of substance or form, which would have been a fatal objection upon a proper demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict. *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood,* 90 Ill. 425; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100; *Hinchliff* v. *Rudnik,* 212 id. 569; *Sargent Co.* v. *Baublis,* 215 id. 428; *Grace & Hyde Co.* v. *Sanborn,* 225 id. 138.

The declaration before us is, to say the least, carelessly and imperfectly drawn, and consists of general charges, in legal phraseology, of duty and negligence without directly averring specific facts. A declaration which states no cause of action will not sustain a judgment, but a declaration which is a defective statement of a cause of action is good after verdict. This is especially true in actions of tort for negligence, where the fault of the declaration is the generality of the statement concerning the negligence charged. It is not altogether easy to draw with precision the line on one side of which will fall declarations which, because of the generality of their language, state no cause of action, and on the other side declarations which for the same reason defectively state a cause of action. The main purpose of a pleading in courts of law is accomplished when by reasonably intelligible allegations the opposing party is advised of the case to be made against him, and we think no one familiar with the use of the English language could fail to gather from the declaration filed that defendant was, as the

proprietor of a retail store, accused of a breach of its duty of keeping the aisles of the store reasonably safe for the use of its customers. It is certainly true that it leaves much to be desired in particularly describing the negligence which caused the injury to the plaintiff in error, and the declaration was clearly subject to special demurrer. Though imperfectly stated, the declaration before us in effect charges defendant in error with omission to fulfill its duty to plaintiff in error by failing to maintain its aisles in a reasonably safe condition for passage along them, by suffering and permitting a certain substance to remain upon the floor of said aisles, upon which plaintiff in error slipped and fell. The Appellate Court erred in holding that the original declaration did not state a cause of action.

If the question decided by the Appellate Court were the only question in this case the views we have expressed would require a reversal of the judgment of the Appellate Court and an affirmance of the judgment of the circuit court, but that is not the condition of the record. The judgment of the Appellate Court being based upon an erroneous view of the law with respect to one point which it held disposed of the whole case, it is necessary for us to remand the case to the Appellate Court so that it may consider and pass upon meritorious questions properly raised by assignments of error in that court which it has not considered or decided. (*Logan* v. *Mutual Life Ins. Co.* 293 Ill. 510; *Armstrong Paint and Varnish Works* v. *Continental Can Co.* 301 id. 102.) The argument of counsel on points other than the one decided by the Appellate Court is not properly directed to this court until the questions have been decided by the Appellate Court.

The judgment is reversed and the cause is remanded to the Appellate Court for the First District.

*Reversed and remanded.*