**Gordon Pillow, Appellee, v. Rollin Long and Harold Pangborn, Copartners, Trading as The Radio Shoppe, and La Verne Spiller, Appellants.**

Opinion filed March 13, 1939.

Loyd M. Bradley, of Carbondale, and D. L. Duty, of Marion, for appellants.

Stone & Fowler, of Marion, for appellee.

Mr. Justice Edwards delivered the opinion of the court.

Plaintiff sued defendants Rollin Long and Harold Pangborn, copartners, doing business under the firm name of The Radio Shoppe, and La Verne Spiller, to

recover for injuries claimed to have resulted from his being struck by an automobile owned by Long and Pangborn and driven by their servant Spiller, on August 16, 1937, upon the public street abutting the court house in the city of Marion. A jury found for defendants; the trial court awarded plaintiff a new trial, and this court granted defendants leave to appeal therefrom.

The record fails to show the reasons of the trial judge for his action in setting aside the verdict. When a new trial is granted, the views of the trial judge expressed in sustaining the motion therefor should be incorporated in the record in order that the reviewing court may know what prompted his action; *Couch v. Southern Ry. Co.,* 294 Ill. App. 490.

The complaint consisted of two counts, the first of which charged wilful and wanton conduct as the cause of the accident, while the second count was based upon ordinary negligence.

Defendants insist that their motion for a directed verdict under the first count should have been sustained. In the consideration of such motions, if it appears that the record contains any evidence which, considered by itself most strongly, reasonably tends to support the plaintiff's claim, the motion must be denied; *Blumb v. Getz,* 366 Ill. 273. We have considered such proof and are of opinion that upon the evidence submitted by plaintiff, tested by the rule as declared by this court in *Layton v. Ogonoski,* 256 Ill. App. 461, the court properly overruled such motion.

Plaintiff contends that the instructions upon behalf of defendants were to a considerable extent erroneous, and operated to his prejudice.

Instruction No. 18 told the jury that the burden was not upon the defendants to show that they were not guilty of the negligence charged, but was upon the plaintiff to prove that defendants were so guilty, and

also to establish that plaintiff was in the exercise of ordinary care for his own safety, and that "this rule as to the burden of proof is binding in law, and must govern the jury in deciding this case."

It will be observed that the direction was not confined to the second count of the complaint which charged ordinary negligence, and to which it was applicable. The first count alleged wilful and wanton conduct, against which plaintiff's lack of due care would be no defense, and to sustain which charge he was not bound to prove such care on his own part. The instruction was not limited to the second count, hence its giving was erroneous, as it in effect required plaintiff to prove due care on his part in order to recover; a burden he was not bound to assume under the first count; *Hurzon v. Schmitz*, 262 Ill. App. 337; *Mantonya v. Wilbur Lumber Co.*, 251 Ill. App. 364.

Defendants' instructions numbered 6, 7, 8, 9 and 11, relate to contributory negligence on the part of plaintiff, and all but one of them refer to the question of whether he looked for approaching vehicles before he started to cross the street. These placed an undue emphasis upon such proposition and called the jury's attention repeatedly to one item of proof.

Such repetition of instructions upon a single point in a case has been held to be error, as giving undue prominence to such matter. In *City of Lake Forest v. Janowitz*, 295 Ill. App. 289, where seven instructions were given on the question of contributory negligence, the court held that by the giving of such number upon the same proposition, too much emphasis is placed upon one question of law and is misleading to the jury, and held same to be reversible error; and to the same effect is *Watson Orchards, Inc. v. New York C. & St. L. R. Co.*, 250 Ill. App. 22. Here the trial court improperly gave so many charges upon the matter of plaintiff's exercise of ordinary care, and especially so in

view of the fact that it was not necessary 'for him to prove such matter in order to recover under the wilful and wanton count.

Instruction No. 12, upon the subject of wilful and wanton conduct, directed the jury that "plaintiff cannot recover in this suit unless the jury further find from the evidence that the conduct of this defendant was malicious and willful, or wantonly reckless." This was wrong, as it was not necessary to prove the conduct of defendant to be malicious and wilful. It was, as a matter of law, sufficient to establish by proof that the acts of defendants were wilful, as held in *Gannon v. Kiel,* 251 Ill. App. 389.

Instruction No. 14 is substantially like No. 12, and is subject to the same objection.

The court, in instruction No. 16, charged the jury that though they "may believe from the evidence that the accident in question is attributable to the want of ordinary care on the part of the defendants, the plaintiff cannot recover in this suit unless the jury further believe, from the evidence, that the defendant was guilty of such gross negligence as implies willful and wanton injury."

It is observed that the jury are thus directed that "plaintiff cannot recover in this suit" unless the jury further believe that defendants were guilty of wilful and wanton conduct. To recover under the negligence count it was not necessary to make such further proof, yet the instruction placed such burden upon the plaintiff. It was incorrect as a statement of law applicable to the second count, and its giving was error, both serious and prejudicial; *Hurzon v. Schmitz, supra.*

The proof was conflicting upon the vital questions in the cause and it was important that the jury be accurately instructed. Such was not done, and it is manifest that the trial judge could not have properly done otherwise than award a new trial.

*Order affirmed.*