Laurnell Wegrzyn, Administrator of the Estate of Robert F. Wegrzyn, Deceased, Plaintiff-Appellant, v. John H. Gunnell and Sylvia Hamm, Defendants-Appellees.

Gen. No. 49,198.

First District, Fourth Division.

December 2, 1964.

Bernstein & Ganellen, of Chicago (Sol H. Ganellen and Glenn A. McTavish, of counsel), for appellant.

Conrad W. Sanders, of Chicago, for John H. Gunnell, appellee. Meyer, Gorov, Feder & D'Amico, and Orner & Wasserman, all of Chicago (Arthur M.

Gorov, Norton Wasserman and Robert E. Gillespie, of counsel), for Sylvia Hamm, appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a denial of plaintiff's post-trial motion for a new trial as to two Dram Shop Act defendants, Gunnell and Hamm. The trial court sustained plaintiff's motion as to defendant Quota, alleged driver of the automobile in which plaintiff's husband was killed.

Plaintiff's motion for a new trial sought to vacate the judgments entered on the directed verdicts which were entered in favor of all three defendants. The motion alleged that the trial court committed reversible error (1) in excluding opinion testimony offered on behalf of plaintiff by certain witnesses as to the intoxication of defendant Quota, (2) in refusing to permit certain other witnesses to testify when called on behalf of the plaintiff, (3) by refusing to admit into evidence for any purpose a certified transcript of the discovery deposition of defendant Quota. The motion also asserted that the trial court abused its discretion by denying plaintiff's motion for a short continuance to permit plaintiff to locate and subpoena defendant Quota as a witness.

The court allowed the motion for a new trial as to defendant Quota without setting forth any specific findings or giving any reasons for its determination.

In Pillow v. Long, 299 Ill App 542, the court said at page 544, 20 NE2d 896:

The record fails to show the reasons of the trial judge for his action in setting aside the verdict. When a new trial is granted, the views of the

judge expressed in sustaining the motion therefor should be incorporated in the record in order that the reviewing court may know what prompted his action; Couch v. Southern Ry. Co., 294 Ill App 490.

Also see Lukich v. Angeli, 31 Ill App2d 20, 27, 175 NE2d 796.

 Where there is more than one defendant in a case, and there is only one post-trial motion, it is especially desirable that the trial judge specify his reasons for granting the motion as to one defendant when he denies it as to the others.

 When the trial judge granted a new trial to one defendant, he recognized one or more of the errors set forth in the post-trial motion. Since the grounds applied without difference to all the defendants, the same errors would perforce be applicable to all three defendants. This being so, the court, having allowed the motion only as to one defendant, erred in not allowing it for all three defendants.

The grounds urged in plaintiff's motion for a new trial involve serious prejudice to her if she is not afforded the opportunity to make out her case against all the parties allegedly liable. At the new trial, defendant Quota's presence could be obtained and either by cross-examining him under Section 60, (Ill Rev Stats 1963, c 110, § 60) or by direct testimony, plaintiff would have the opportunity of presenting her evidence. Plaintiff was deprived of this opportunity in the instant trial due to the absence of Quota.

 The other points raised by plaintiff do not require consideration by us in view of our decision to grant a new trial for plaintiff against all three defendants. The denial of plaintiff's motion for new trial as to defendants Gunnell and Hamm is reversed

and the cause remanded for a new trial as to all defendants.

Reversed and remanded.

ENGLISH, P. J. and McCORMICK, J., concur.