**Theodore Reese, Plaintiff-Respondent, v. Jerome Crain, etc., et al., Defendant-Petitioner.**

**Gen. No. 52,021.**

First District, Third Division.

July 3, 1968.

---

Allen S. Gerrard, of Chicago, for defendant-petitioner.

Arthur S. Gomberg and Philip E. Howard, of Chicago (Samuel Nineberg, of counsel), for plaintiff-respondent.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is a petition for leave to appeal from an order granting a new trial in a negligence action brought under the Illinois Liquor Control Act. The jury returned a verdict for the defendant. The court entered judgment on the verdict but upon the plaintiff's motion vacated the judgment and granted a new trial.

The petitioner-defendant maintains that granting a new trial was a gross abuse of the court's discretion—that the court substituted its conclusions of fact and inferences from the evidence for those of the jury. The petitioner's entire brief is devoted to the theme that the verdict was justified by the evidence and should not have been set aside.

■ Courts of review have frequently urged that a trial judge state his reasons when a new trial is granted so that the reviewing court may know what prompted his decision. Wegrzyn v. Gunnell, 54 Ill App2d 205, 203 NE2d 757 (1964); Pillow v. Long, 299 Ill App 542, 20 NE2d 896 (1939); Gavin v. Keter, 278 Ill App 308 (1934). The wisdom of this admonition is seen in the present case. The trial judgment orally stated the reasons for his order and later, because no court reporter had been present, filed a written memorandum. It is evident from the memorandum that the verdict was not set aside because it was against the preponderance of the evidence but because of trial errors which, in the judge's opinion, prejudiced the plaintiff's right to a fair trial.

■ Among these errors was the defendant's failure to follow through with proof after asking the plaintiff about prior statements which were supposedly inconsistent with his testimony. The plaintiff denied making the statements. The memorandum stated:

> "The Court agrees with the plaintiff that the attempt of the defendant to impeach him, an attempt that was not carried out, prejudiced the plaintiff's right to a fair trial before the jury."

In Schoolfield v. Witkowski, 54 Ill App2d 111, 203 NE2d 460 (1964), this court said:

> "Once the foundation for impeachment by prior inconsistent statements has been laid, it is incumbent upon counsel, having laid such foundation to offer proof of the alleged impeaching statements. Miller v. Chicago Transit Authority, 3 Ill App2d 223, 228, 121 NE2d 348; Gordon v. Checker Taxi Co., 334 Ill App 313, 318, 79 NE2d 632. . . . [I]t was highly prejudicial for counsel . . . to lay a foundation to impeach plaintiff's testimony on this material point and then to fail to offer proof of the allegedly impeaching statements."

382

A motion for a new trial is addressed to the discretion of the trial judge and his judgment thereon will not be reversed except for a clear abuse of discretion, which must affirmatively appear in the record. Potter v. Ace Auto Parts & Wreckers, Inc., 49 Ill App2d 354, 199 NE2d 618 (1964). There was no abuse of discretion in this case. The record substantiates the judge's explanation for granting the motion for a new trial. Accordingly, the defendant's petition for leave to appeal is denied.

Leave to appeal denied.

SCHWARTZ and SULLIVAN, JJ., concur.