RONALD C. EFFLER, Adm'r of the Estate of George R. Effler, Deceased, Plaintiff-Appellant, *v.* WILLARD E. METZGER *et al.*, Defendants-Appellees.

(No. 74-330;

Third District—June 5, 1975.

Swain, Johnson & Gard, of Peoria (Tim Swain II, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Raymond Rose, of counsel), for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Ronald Effler as administrator of the estate of George Effler, deceased, brought this action for wrongful death against defendants Willard Metzger and N. E. Finch Co. arising from an accident in which George Effler was killed when the car he was driving collided with a semi-trailer truck operated by Metzger for his employer N. E. Finch Co., the owner. The jury returned a verdict for plaintiff in the amount of $25,000 and judgment was entered accordingly. The trial court subsequently set aside the verdict and granted defendants a new trial. We granted plaintiff leave to appeal from the order for a new trial under Supreme Court Rule 306 (Ill. Rev. Stat. 1973, ch. 110A, R. 306).

The only issue presented for review is whether the trial court abused its discretion in setting aside the jury verdict for plaintiff and granting a new trial.

The evidence may be summarized briefly. The fatal collision occurred at about 8 P.M. on November 30, 1971, at an "S" curve on the Kickapoo-Edwards blacktop road when the decedent's car, traveling in a northerly direction, collided with defendants' empty semi-trailer truck traveling

in a southerly direction. Each lane of the roadway was 9 feet wide and the truck was 8 feet wide. The only surviving eye witness, defendant Metzger, testified that when the approaching vehicles were one-eighth to one-half of a mile apart, decedent's car crossed the center line into the southbound lane where the impact occurred. Photographic exhibits show that the left front of decedent's car collided with the left front of defendants' truck, that the car came to rest entirely on the east shoulder, pushed back against a utility pole, and that the truck was halted across the northbound lane with plainly visible skidmarks extending from the truck wheels across the decedent's lane.

The critical question of fact for the jury to decide was whether defendant Metzger or decedent crossed the center line and caused the collision. Metzger's direct testimony that decedent crossed into the southbound lane was corroborated by six witnesses for defendants who testified that they saw skidmarks extending from the dual tires of the truck for a distance of approximately 80 to 100 feet north which were entirely in Metzger's southbound lane. The observations of these witnesses were made while other cars were stopped at the scene, blocking traffic behind the truck. Four of defendants' witnesses were employees of N. E. Finch Co., including Metzger, and two were investigating officers. There was conflicting testimony concerning gouge marks in the highway in Metzger's lane where the impact might have occurred and also concerning ruts from the truck's tires on the west gravel shoulder. Plaintiff's chief witness Van Laningham was the first passerby to come upon the accident scene. He testified that after the wrecked vehicles had been towed away and all other cars had left the scene except the deputy sheriff, he proceeded north of the accident scene and saw fresh truck tire skidmarks which went off the roadway on the west side and then crossed over the center line into the northbound lane in two places. Van Laningham saw skidmarks extending from the accident site north for a distance of approximately 400 to 500 feet.

On appeal, defendants contend that the verdict of the jury was against the preponderance of the evidence, and that the trial court acted properly in setting aside the verdict and judgment and granting a new trial. Plaintiffs argue that where, as here, nothing in the record indicates that errors occurred during the trial that would be corrected upon a new trial, the trial court has acted in abuse of its discretion in granting a new trial.

The applicable rule was stated in *Foster v. VanGilder*, 65 Ill.App.2d 373, 376-7, 213 N.E.2d 421 (3rd Dist. 1965):

> "The oft repeated rule is that a court of review will not disturb a trial court's ruling on a motion for a new trial unless the record

clearly shows that the trial court abused its discretion. The reason for this rule is that a trial judge is in a superior position to determine whether or not a fair trial was had and substantial justice accomplished.  *  *  *  The trial judge, however, should not set aside a verdict and grant a new trial merely because he would have decided the case differently if he had been the trier of fact.  *  *  *  or because he feels that inferences or conclusions other than those drawn by the jury might be more reasonable. [Citations.]

In *Dailey v. Hill*, 99 Ill.App.2d 474, 479, 241 N.E.2d 683, 685, (1st Dist. 1968), the court said:

"Defendant was entitled to have these questions of fact decided by the jury, and it is irrelevant that the judge might have decided the case differently, based on his own evaluation of the testimony. Determination of the weight to be accorded conflicting testimony, the drawing of inferences from the evidence, and resolving issues of fact such as negligence are preeminently matters for the jury and not for the judge. In the proper exercise of his discretion a judge may not set aside a verdict and grant a new trial unless it is clear that the verdict resulted from passion or prejudice or is wholly unwarranted by the evidence."

The trial judge in the case before us has not set forth his reasons for granting a new trial. We agree with the view expressed in *McElroy v. Patton*, 130 Ill.App.2d 872, 875, 265 N.E.2d 397 (5th Dist. 1970), that when a new trial is granted, a concise statement of findings or reasons should be incorporated in the record by the trial judge so that the reviewing court may know what prompted his action. (See *Reese v. Crain*, 98 Ill.App.2d 380, 240 N.E.2d 358 (1st Dist. 1968); *Rowoldt v. Cook County Farmers Mutual Insurance Co.*, 305 Ill.App. 93, 26 N.E.2d 903 (1st Dist. 1940).) Here neither party claims that error requiring a new trial was committed during the course of the trial of this case, but only that the verdict was contrary to the preponderance of the evidence. We believe this case is governed by the rule stated in *Dobson v. Rosencranz*, 81 Ill.App.2d 439, 448, 226 N.E.2d 296, 301 (3rd Dist. 1967), "[S]ome error must appear in the record as the purpose for granting a new trial.  *  *  *  As the jury's verdict is supported by the evidence, and no error appears of record, a new trial should not have been granted by the trial court." See *Dunlavey v. Patti*, 79 Ill.App.2d 442, 223 N.E.2d 858 (3rd Dist. 1967).

Here plaintiff's witness Van Laningham saw skidmarks crossing the center line into decedent's lane which were not seen by defendants' witnesses. In weighing testimony of witnesses who are otherwise equally

credible, one of whom has testified positively to a fact while the other's evidence is negative, the jury is entitled to give greater weight to the positive testimony than to the negative. (*Berg v. New York Central R.R. Co.*, 391 Ill. 52, 62 N.E.2d 676 (1945).) Furthermore, the jury could have reconciled all of the evidence as to skidmarks and found no contradiction since Van Laningham looked at skidmarks further north of the accident scene than the other witnesses and he did so after the road was clear of other vehicles. It is also well established that the weight of the evidence does not depend on the number of witnesses testifying or the amount of evidence compiled. (*B. F. Gump Co. v. Industrial Com.*, 411 Ill. 196, 103 N.E.2d 504 (1952).) Thus the fact that defendants offered six witnesses and plaintiff only one does not require the jury to accept defendants' evidence merely because of its cumulative weight. Thus we conclude that there was sufficient evidence to support the verdict, and, where no reasons were given by the trial judge, we must assume that he substituted his judgment for that of the jury which was an abuse of his discretion. Accordingly, the order granting a new trial is reversed, and the cause is remanded with directions to vacate the order granting a new trial, and to enter an order reinstating the judgment for plaintiff on the verdict.

Reversed and remanded with directions.

STOUDER, P. J., and BARRY, J., concur.