GEORGE·A. TURNER, Plaintiff-Appellee, *v.* COMMONWEALTH EDISON COMPANY, Defendant-Appellant.

Fifth District No. 74-372

Opinion filed January 27, 1976.

Robert W. Wilson, of Burroughs, Simpson & Wilson, of Edwardsville, for appellant.

C. William Fechtig, of Fechtig & Sutton, of Carmi, and Paul L. Pratt, of Pratt, Kardis, Pierce & Bradford, Ltd., of East Alton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Commonwealth Edison Company, from an order of the circuit court of Madison County granting a new trial, brought pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1971, ch. 110A, par. 306).

The plaintiff, George A. Turner, brought a two-count complaint against the defendant, Commonwealth Edison Company, in the circuit court of Madison County for damages arising from an injury he allegedly sustained while working on the defendant's premises. Count I sought damages for personal injuries allegedly caused by defendant's violation of the Illinois Structural Work Act (Ill. Rev. Stat. 1971, ch. 48, par. 60 *et seq.*). Count II sought punitive damages for defendant's allegedly wilful and wanton misconduct which resulted in the plaintiff's alleged injury. The cause was tried before a jury. At the close of plaintiff's case-in-chief the trial court directed a verdict in favor of the defendant on Count II. At the close of all the evidence, the trial court granted plaintiff's motion that the defendant be found "in charge of" the work as a matter of law and instructed the jury that this issue was no longer in the case for them to consider. The jury returned a verdict in favor of the plaintiff and against

the defendant in the amount of $30,000. Judgment was entered on the verdict. Subsequently, plaintiff and defendant each filed post-trial motions. The plaintiff sought a new trial on damages only, or, in the alternative, a new trial on all issues, including punitive damages. The defendant sought a judgment notwithstanding the verdict. The trial court denied the defendant's post-trial motion, but allowed the plaintiff's post-trial motion for a new trial on all issues, including punitive damages. The defendant filed a petition for leave to appeal to this court pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1971, ch. 110A, par. 306). Leave was granted.

The issues before this court may be defined as follows: (1) the propriety of the trial court's denial of defendant's post-trial motion for judgment *n.o.v.;* (2) the propriety of the trial court's allowance of a new trial on count I, based on the Structural Work Act; and (3) the propriety of the trial court's allowance of a new trial on count II, punitive damages.

■■ Prior to review of these issues we feel compelled to reiterate the following recommendation. The trial judge in the case before us has failed to set forth any reason for granting a new trial. We continue to adhere to the view we expressed in *McElroy v. Patton,* 130 Ill.App.2d 872, 265 N.E.2d 397, 398, that when a new trial is granted a concise statement of findings or reasons should be incorporated into the record by the trial judge so that the reviewing court may know what prompted his action. Accord, *Effler v. Metzger,* 29 Ill.App.3d 55, 329 N.E.2d 327; *Reese v. Crain,* 98 Ill.App.2d 380, 240 N.E.2d 358; *Pillow v. Long,* 299 Ill.App. 542, 20 N.E.2d 896.

The first issue to be resolved is whether the defendant was entitled to a judgment *n.o.v.* Our Supreme Court expressed the standard to be applied by a trial court in entering a judgment *n.o.v.* in *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504. The oft-cited *Pedrick* rule is that

> "* * * verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (37 Ill.2d 494, 510, 229 N.E.2d 504, 513-14.)

Applying the *Pedrick* standard to the instant case we find no error in the trial court's denial of defendant's post-trial motion for a judgment *n.o.v.*

■■ At the trial in the court below there unfolded ample evidence and testimony from which the jury could readily consider the defendant as "having charge of" the work under the Structural Work Act. The plaintiff introduced into evidence the contract entered into between the

defendant and the numerous prime contractors, including plaintiff's employer (Morrison Construction Company). This contract gave the defendant the right to stop work immediately if, in the opinion of its engineers, the work was not being done safely. It also gave the defendant the right to reject any work found to be defective or not in compliance with the contract specifications regardless of the stage of completion. This included the right to take down and remove any portion of the work deemed unsound or failing to conform to the contract. The contract further entitled the defendant to require contractors to remove any particular workman or workmen it deemed unfit or unskilled and to remove any equipment defendant considered inadequate or unsafe. In addition to the authority to control vested in the defendant by the contract, the evidence showed that the defendant organized and held safety meetings and coordination committee meetings with the contractors. Reports from the State safety inspectors were distributed to the contractors by the defendant. Finally, several of defendant's field engineers testified that they, as defendant's employees, had various means of controlling the manner in which work was conducted by the contractors. The trial court considered this evidence so overwhelming that it directed the jury to find the defendant as "having charge of" the work. Since we are not asked to review this ruling we simply find that the plaintiff presented sufficient evidence on this issue to make it error for the trial court to grant defendant a judgment *n.o.v. Voss v. Kingdon & Naven, Inc.*, 60 Ill.2d 520, 328 N.E.2d 329.

■■ We also find ample evidence from which the jury could find that a violation of the Structural Work Act was the proximate cause of plaintiff's alleged injuries. The evidence showed that "cherry picker" cranes had been operating on the job site regularly without loads being tied down. Several witnesses, including one of defendant's field engineers, testified that it was unsafe for a "cherry picker" to carry a load that was not tied down. Evidence also showed that various "cherry pickers" had been "red tagged" by the State for various safety violations. There was also some testimony that the particular "cherry picker" in question had defective brakes and no audible warning system. Although the evidence was conflicting there was credible evidence from which the jury could find that the foregoing factors either individually or collectively caused plaintiff's alleged injuries and that plaintiff's alleged injuries were actually sustained.

■■ We further find sufficient evidence to permit the jury to find that defendant's violation of the Structural Work Act was "wilful" within the meaning of that term under the Structural Work Act. In *Kennerly v. Shell Oil Co.*, 13 Ill.2d 431, 150 N.E.2d 134, our Supreme Court, in referring to

the term "wilful violation" of the Structural Work Act, reaffirmed its previous interpretation that the word "wilfully" is synonymous with "knowingly." (Accord, *Gundich v. Emerson-Comstock Co.*, 21 Ill.2d 117, 171 N.E.2d 60, 67.) Within this context, "a person will be deemed to have known that which he reasonably should have known." (*Miller v. DeWitt*, 37.Ill.2d 273, 291, 226 N.E.2d 630, 641.) In other words liability exists under the Structural Work Act "where the existence of dangerous conditions could have been ascertained by the exercise of reasonable care." (*Isabelli v. Cowles Chemical Co.*, 7 Ill.App.3d 888, 897, 289 N.E.2d 12, 18; *accord, Mundt v. Ragnar Benson, Inc.*, 18 Ill.App.3d 758, 310 N.E.2d 633.) The record before us contains evidence that prior to plaintiff's injury the State inspectors had required that a "warning device be installed" on each "cherry picker," which would be audible outside the cab of the crane. While this problem was to be remedied by plaintiff's employer, the defendant had notice of the defect. In fact, the defendant requested each of the contractors to make the necessary corrections and notify the defendant upon their completion. One of defendant's employees testified he had "seen cherry pickers with loads on them not tied off all the time" he had "been in construction." Other coworkers of the plaintiff verified that they had seen swinging loads on "cherry pickers" while working on defendant's premises. The record also shows that two days prior to plaintiff's injury, the subject of swinging hooks on "cherry pickers" was discussed at a safety meeting attended and conducted by employees of the defendant. This practice was condemned and noted as dangerous to personnel. There was also testimony that the particular crane in question had defective brakes and had been "red tagged" by the State as unsafe prior to the accident. According to some witnesses it was still in poor condition at the time of the accident. While no reference was made to this particular "cherry picker," one of defendant's field engineers "believed" that certain cranes and "cherry pickers" had been "red tagged" by the State prior to plaintiff's injury. There was also testimony from plaintiff's coworkers, and from defendant's employees, that defendant's field engineers and other personnel were regularly on the premises. From the reasonable inferences which may be drawn from the foregoing evidence the jury could find, and obviously did find, that the defendant knew, or should have known, about the improper manner in which "cherry pickers" were operated on its premises and the dangerously defective condition of certain "cherry pickers."

In summary, our review of the record shows ample evidence to make a *prima facie* case on the issue of: (1) the defendant having "charge of" the work, (2) a violation of the Structural Work Act as the proximate cause of plaintiff's injuries, and (3) the defendant's wilfulness, *i.e.*,

knowledge of such violations. Under such circumstances a judgment *n.o.v.* in favor of the defendant was unwarranted and the defendant's motion for such was properly refused by the trial court.

The next issue for review is whether the trial court erred in granting plaintiff's post-trial motion for a new trial on count I of his complaint, which he brought under the Structural Work Act. Defendant, in his petition for leave to appeal, contends that the trial court erred in granting this portion of plaintiff's post-trial motion.

■■ Notwithstanding the deference which should be accorded a jury's determination of the factual issues, particularly its award of damages (see *Mount v. McClellan*, 91 Ill.App.2d 1, 234 N.E.2d 329), where, as in the instant case, the record in the trial court is replete with examples of defense counsel's continued and concerted effort to bring before the jury improper matters, which could have prejudiced the jury against a material witness testifying on behalf of the plaintiff, a court of review will not reconsider the trial court's decision to grant a new trial. A trial judge has the duty to weigh the evidence and determine if substantial justice has been done. He has the unique opportunity to observe the multiplicity of situations as they arise during the course of the trial. Consequently, he is in a far better position to weigh the effect upon the jury and decide whether or not substantial justice has been done. See *Magnani v. Trogi*, 70 Ill.App.2d 216, 218 N.E.2d 21.

While we agree with defendant that some error must appear in the record as the purpose for granting a new trial (*Effler v. Metzger*, 29 Ill.App.3d 55, 329 N.E.2d 327; *Dobson v. Rosencranz*, 81 Ill.App.2d 439, 226 N.E.2d 296), it must be remembered

"* * * that the trial court, in reaching a determination to award a new trial, is vested with discretion, and absent a clear abuse thereof, its decision should not be disturbed on appeal. (*Department of Public Works and Buildings v. Russell*, 28 Ill.2d 491; *In re Estate of Velie*, 318 Ill.App. 550." (*Klatt v. Commonwealth Edison Co.*, 33 Ill.2d 481, 494-95; 211 N.E.2d 720, 727.)

Accord, *Yocco v. Barris*, 16 Ill.App.3d 113, 305 N.E.2d 584; *Gainer v. Bates*, 14 Ill.App.3d 297, 302 N.E.2d 463.

Thus, having not found the record before us free from all potentially prejudicial error and being unable to say that the trial judge's decision to grant plaintiff a new trial manifested a clear abuse of discretion, we affirm his decision to grant plaintiff a new trial on count I of plaintiff's complaint.

The final issue before this court is whether the trial court erred in granting plaintiff a new trial on count II of his complaint which prayed

for punitive damages. As noted earlier in this opinion, the trial court directed a verdict in favor of defendant on this issue at the close of plaintiff's case-in-chief. At issue here is whether the plaintiff presented any credible evidence from which the jury, if given the opportunity, could have concluded that defendant's action, or omissions, were "wilful and wanton." We believe he did not.

■■ In order to constitute "wilful and wanton" misconduct, the act or omission must be not only negligent, but exhibit a conscious disregard for the safety of others. (See *Yelinich v. Capalongo*, 38 Ill.App.2d 199, 186 N.E.2d 777. See also Restatement (Second) of Torts § 500, and comment g thereunder (1965).) In fact, under the Illinois Pattern Jury Instructions, Civil, No. 14.01 (1971), the jury is instructed that:

> "When I [the trial court] use[s] the expression 'wilful and wanton conduct' I [it] mean[s] a course of action which * * * shows an utter indifference to or conscious disregard for * * * the safety of others."

This instruction has been followed uniformly by the cases concerned with this issue. (For recent cases citing this instruction, see *Murphy v. Jewel Companies, Inc.*, 24 Ill.App.3d 1, 320 N.E.2d 47, 60; *Mattyasovszky v. West Towns Bus Co.*, 21 Ill.App.3d 46, 313 N.E.2d 496, 498; *Milton v. Britton*, 19 Ill.App.3d 922, 312 N.E.2d 303, 309.) Our Supreme Court had an opportunity to review this instruction in *Delaney v. Badame*, 49 Ill.2d 168, 274 N.E.2d 353. It chose instead to consider such issue waived due to plaintiff's failure to object at the conference on instructions.

In the words of the court in *Rowe v. Frazer*, 83 Ill.App.2d 367, 377, 227 N.E.2d 781, 786,

> "A wanton act involves a conscious indifference to a known danger. It is based on a concept that under the known or plainly observable circumstances the doing or failing to do something will naturally and probably result in injury to another, and the defendant must have been aware of that situation and ignored it. [Citations.]"

(Accord, *Mower v. Williams*, 402 Ill. 486, 84 N.E.2d 435; *Jeneary v. Chicago & Interurban Traction Co.*, 306 Ill. 392, 138 N.E. 203; *Glaze v. Owens*, 104 Ill.App.2d 172, 243 N.E.2d 13; see Prosser, Law of Torts, ch. 5, § 34, at 184-186 (4th ed. 1971).) While we agree with the plaintiff that the knowledge may be either actual or constructive, there must be a conscious disregard or indifference for the consequences when the known safety of others is involved. (*Myers v. Krajefska*, 8 Ill.2d 322, 134 N.E.2d 277; *Murphy v. Jewel Companies, Inc.*, 24 Ill.App.3d 1, 320 N.E.2d 47.) As was observed in *Ritter v. Ferenczi*, 16 Ill.App.3d 218,

223, 305 N.E.2d 427, 430, " 'Wilful and wanton conduct is carelessness; but carelessness is not wilful and wanton misconduct.' (*Rowe v. Frazer*, 83 Ill.App.2d 367, 378-379, 227 N.E.2d 781, 786.)"

■■ It is clear from the record before us that there was nothing before the trial court which corroborated the plaintiff's allegations of wilful and wanton misconduct. Albeit the plaintiff proffered evidence from which the jury could have found that defendant's violation of the Structural Work Acts was "wilful," within the meaning of that term under the Act, the record is barren of any "conscious disregard" of plaintiff's safety. (See *Kapka v. Urbaszewski*, 47 Ill.App.2d 321, 198 N.E.2d 569.) In fact, the majority of evidence plaintiff presented to establish that the defendant was "in charge of" the work went, also, to establish the defendant's concern over the safety of those on its premises, and the prophylactic measures it employed, *e.g.*, safety meetings and directives, to ensure the safety of such individuals. In view of this evidence and the failure of the plaintiff to proffer any credible evidence to establish the defendant's "conscious disregard" for plaintiff's safety we find that the trial court properly granted defendant's motion for a directed verdict on this issue. (See *Hocking v. Rehnquist*, 44 Ill.2d 196, 254 N.E.2d 515.) Conversely, we find that the trial court erred in granting the plaintiff's motion for a new trial on this issue.

Accordingly, we remand this cause for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, remanded with directions.

JONES and CARTER, JJ., concur.