MICHAEL SKINNER, a Minor, by Josephine Skinner, his Mother and Next Friend, Plaintiff-Appellant, *v.* MAHOMET SEYMOUR SCHOOL DISTRICT NO. 3, Defendant-Appellee.

Fourth District   No. 16087·

Opinion filed November 26, 1980.

CRAVEN, J., dissenting.

James M. Langan, of McClellan & Langan, of Champaign, for appellant.

Phebus, Tummelson, Bryan & Knox, of Urbana (Hurshal C. Tummelson and Janet A. Flaccus, of counsel), for appellee.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

The principle of liberal pleading simply cannot be stretched to encompass a paucity and dearth of allegations.

There must be a bottom line on even barely adequate pleading, and we have reached it in this case.

The minor plaintiff brought an action to recover damages for an injury suffered while using playground equipment on school grounds in the control of the defendant school district. Plaintiff's second amended

complaint was dismissed with prejudice for failure to state a cause of action.

We affirm.

On October 11, 1978, plaintiff filed a complaint for personal injury resulting from defendant's negligence, asserting that the plaintiff was injured while using playground equipment controlled by the defendant. Defendant's motion to dismiss was allowed and on June 6, 1979, plaintiff filed an amended complaint alleging wilful and wanton misconduct on the part of the defendant. Following a hearing, plaintiff was allowed to file a second amended complaint. Paragraph 8 of that complaint stated:

> "Defendant, by its agents and employees, was then and there guilty of one or more of the following acts of wilful and wanton misconduct:
>
> a. Failed to keep its playground equipment in proper repair, specifically leaving nails protruding dangerously from said equipment, when it knew or should have known of the existence of said protruding nails.
>
> b. Maintained its playground and playground equipment in a condition it knew or should have known was unsafe and dangerous.
>
> c. Failed to notify or warn Plaintiff and others of the dangerous and unsafe playground equipment, even though it knew or should have known such equipment was dangerously unsafe."

Another motion to dismiss was filed by the defendant and on January 15, 1980, the trial court dismissed the second complaint with prejudice.

Plaintiff initially argues that this case is controlled by the decision in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, and that he must merely plead and prove negligence on the part of the defendant. Plaintiff argues that the allegations of wilful and wanton conduct in his amended complaint can be ignored as surplusage, and the complaint can be read as stating a cause of action in negligence.

Defendant argues that even under the liberal pleading rules, the basic purpose of pleading is notice to the other party, and it is clear from any reading of the second amended complaint that the action was based on wilful and wanton misconduct and not negligence. Defendant thus reasons that the sole question on appeal is whether the allegations in the plaintiff's second amended complaint give rise to any inference of wilful and wanton activity.

■■ There are certain general rules of construction to be applied when a complaint is challenged for failure to state a cause of action. The essential test of the sufficiency of the complaint is whether it reasonably informs the defendant of a valid claim under a general class of cases of which the

court has jurisdiction. (*Kramer v. McDonald's System, Inc.* (1978), 61 Ill. App. 3d 947, 378 N.E.2d 522, *aff'd on other grounds* (1979), 77 Ill. 2d 323, 396 N.E.2d 504.) In determining the sufficiency of the complaint, the court must accept as true all well pleaded facts and reasonable inferences drawn therefrom. (*Morse v. Nelson* (1977), 48 Ill. App. 3d 895, 363 N.E.2d 167.) No pleading is bad in substance where it reasonably informs the opposite party of the nature of the claim. (Ill. Rev. Stat. 1979, ch. 110, par. 42(2).) Finally, a complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under pleadings which would entitle plaintiff to relief. *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 325 N.E.2d 799.

■■ The second amended complaint in this case specified certain acts which the plaintiff alleged constituted wilful and wanton misconduct. Nowhere in the complaint does the plaintiff assert any acts which constitute negligence or that the defendant was in any way negligent. The fact that the original complaint was grounded in negligence and the two subsequent complaints asserted wilful and wanton misconduct tends to indicate that the plaintiffs had switched theories. In this situation, the complaint did not adequately apprise the defendant that plaintiff was proceeding on a theory of negligence and is therefore insufficient to state a cause of action in negligence.

Plaintiff also argues that the allegations contained in the second amended complaint are sufficient to plead a cause of action on a theory of wilful and wanton misconduct. The dispute centers around the "knew or should have known" language under Paragraph 8 of the complaint. Defendant argues that the "should have known" test is the standard for negligence and since the allegations of Paragraph 8 would allow a jury to hold defendant liable for mere negligent conduct, it is insufficient to state a cause of action for wilful and wanton misconduct.

Plaintiff cites a number of cases where courts have held that a person is guilty of wilful or wanton misconduct when he commits an act under circumstances exhibiting a reckless disregard for the safety of others, such as a failure (after knowledge of impending danger) to exercise ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. See, *e.g., Marquart v. Toledo, Peoria & Western R.R. Co.* (1975), 30 Ill. App. 3d 431, 333 N.E.2d 558; *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 69 N.E.2d 293.

■■ But we agree with the defendant and the trial court. We hold that the complaint was insufficient to state a cause of action based on wilful and wanton misconduct because it fails to assert either knowledge or recklessness on the part of the defendant. (See *Turner v. Commonwealth*

*Edison Co.* (1976), 35 Ill. App. 3d 331, 341 N.E.2d 488.) As the court in *Rowe v. Frazer* (1967), 83 Ill. App. 2d 367, 377, 227 N.E.2d 781, 786, stated:

> "A wanton act involves a conscious indifference to a known danger. It is based on the concept that under the known or plainly observable circumstances the doing or failing to do something will naturally and probably result in injury to another, and the defendant must have been aware of that situation and ignored it. [Citations.]"

Although this opinion speaks for itself, a few remarks are in order to prevent the reader from being misled by the dissent.

Initially, the dissent claims that a count which is "mislabeled" as wilful and wanton conduct will withstand a motion to dismiss if it states another good cause of action. One wonders how the dissent concludes that the complaint was "mislabeled." Plaintiff makes no such allegation.

The dissent also utilizes quotations from the cases of *Great Atlantic & Pacific Tea Co. v. La Salle National Bank* (1979), 77 Ill. App. 3d 478, 395 N.E.2d 1193, and *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235, as setting forth "THE LAW."

It is a curious rule that a pleading is sufficient to withstand a motion to dismiss if *any* good cause of action is stated, *although not one intended by the plaintiff*. This rule provides the heart and soul of the dissent. While the rule has been cited in a few cases, to our view it has never been stretched to the dimensions the dissent now suggests. The most interesting aspect of this rule is its origin. The authorities who, like the dissent, mistakenly cite the rule as "THE LAW," uniformly cite to 2 Nichols, Illinois Civil Practice §1413 (Rev. ed. 1979), to support this proposition. But an examination of the most recent edition of Nichols reveals that it cites *Rosenberg* and *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 338 N.E.2d 912, as support for this statement. Both *Rosenberg* and *Browning*, however, rely on the earlier edition of Nichols as support for this rule! The logical question is which came first, the chicken or the egg? Or, is it merely "bootstrapping?"

But aside from the suspect parentage of this rule, we question its validity. One wonders how a complaint which espouses a theory unintended by the plaintiff can be sufficient to place the defendant on notice of the nature of the claim? The logical extension of this rule is a complete abolition of the concept of pleading. The plaintiff merely approaches the bench with a story and the court identifies, or even creates, a theory of recovery. The dissent sadly misperceives the purpose of pleadings and the proper role of the judiciary in an adversarial system. If a plaintiff's attorney does not even have a duty to properly present his claim to the court, what reason is there for the attorney to receive a fee?

One can also take issue with the quotations the dissent extracts from the *Rosenberg* and *Great Atlantic* cases. Just as the blind man is unable to perceive the elephant by touch, the selective extraction and interpretation of these cases by the dissent has created a whole new creature. For instance, the dissent fails to point out that the portion of the *Rosenberg* opinion upon which it relies was an appeal pursuant to Supreme Court Rule 308 (73 Ill. 2d R. 308), with the trial court posing a question of the law asking only under what circumstances may a principal be liable for the outrageous conduct of its agent where there is no contact. Since the trial court had denied the defendant's motion to dismiss that count of the complaint, the sufficiency of the allegations was not even presented to the court. Likewise, in the *Great Atlantic* case, the court indicated that the complaint purported to state a cause of action and trespass. After noting that trespass requires a wrongful interference with the actual possessory interest in property, the court concluded that the complaint was sufficient to state a cause of action to enjoin interference with a lease-hold interest including easements appurtenant thereto. Both cases are clearly distinguishable from the instant appeal—both in substance and degree.

The dissent also quibbles with our *Turner* citation. We point out that the signal "see" is used where the cited authority constitutes the basic source material that supports the proposition; it is used instead of "no signal" when the proposition is not stated by the cited authority but falls from it. (Uniform System of Citation 6-7 (12th ed. 1976).) If one continues to read *Turner* beyond the point described by the dissent, the following is found:

> "In order to constitute 'wilful and wanton' misconduct, the act or omission must be not only negligent, but exhibit a conscious disregard for the safety of others. [See *Yelinich v. Capalongo*, 38 Ill. App. 2d 199, 186 N.E.2d 777.]
>
>     * * *
>
> While we agree with the plaintiff that the knowledge may be either actual or constructive, there must be a conscious disregard or indifference for the consequences when the known safety of others is involved. [*Myers v. Krajefska*, 8 Ill. 2d 322, 134 N.E.2d 277; *Murphy v. Jewel Companies, Inc.*, 24 Ill. App. 3d 1, 320 N.E.2d 47.] As was observed in *Ritter v. Ferenczi*, 16 Ill. App. 3d 218, 305 N.E.2d 426, at 430,
>
> ' "Wilful and wanton conduct is carelessness, but carelessness is not wilful and wanton misconduct." [*Rowe v. Frazer*, 83 Ill. App. 2d 367, 378-379, 227 N.E.2d 781, 786.]' " 35 Ill. App. 3d 331, 337-38, 341 N.E.2d 488, 493.

As a final point, we would be remiss if we did not point out that the dissent overlooks perhaps the most crucial factor in this case—the earlier

complaint. Did the plaintiff appeal the earlier dismissal of the negligence complaint? No. Rather, the plaintiff decided to file another complaint which *she* denominated as "wilful and wanton" misconduct. We are now asked to disregard her words and express actions and go back to the first negligence complaint. We decline the invitation.

The trial court's dismissal of plaintiff's second amended complaint with prejudice was proper.

Affirmed.

WEBBER, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The majority has misapplied the law of pleading, and I am compelled to dissent.

The complaint alleges that the school district *knew* of the protruding nails. Alternatively, the pleader states that the school district *should have known* of the protruding nails. The majority focuses on the second alternative and claims that the complaint fails to state a cause of action for wilful and wanton conduct. My thesis is that the first alternative premised upon actual knowledge states a good cause of action for wilful and wanton conduct; I also believe that the second alternative is sufficient to state a good cause of action for wilful and wanton conduct. I go even further and claim that if a good cause for wilful and wanton conduct is not stated by the complaint, then a good cause for negligence is stated.

Even the casual reader will see that the majority is wrong when it states that the complaint "fails to assert either knowledge or recklessness." Knowledge of the dangerous condition is clearly stated in the complaint. I trust that all would agree that a school district is guilty of wilful and wanton conduct if it knows that its school ground equipment has nails protruding from it, fails to correct the situation, fails to warn of it, and a nine-year-old student rips himself upon a nail. Please reread the quotation from *Rowe v. Frazer* (1967), 83 Ill. App. 2d 367, 377, 227 N.E.2d 781, 786, quoted by the majority.

Defendant has argued in this court that the "should have known" language of the complaint is a standard for negligence. The majority adopts this view and claims that the complaint is deficient because it fails to assert recklessness. The majority says that we are to "see" *Turner v. Commonwealth Edison Co.* (1976), 35 Ill. App. 3d 331, 341 N.E.2d 488. I have seen it, and it says that under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*) the word "wilfully" is synonymous with "knowingly." A person will be deemed to have known that which he reasonably should have known. Liability under the Act exists where the existence of dangerous conditions could have been ascertained by the

exercise of reasonable care. The court concluded in *Turner*, from the evidence a jury could find, and did find "that the defendant knew, or should have known" of dangerous operations and conditions. 35 Ill. App. 3d 331, 335, 341 N.E.2d 488, 492.

Further, in determining whether plaintiff in *Turner* had produced sufficient *evidence* of wilful and wanton conduct under another count, the appellate court concluded that he had not. But the court agreed with plaintiff that the knowledge of a defendant could be either actual or constructive. The opinion in *Turner* does not support the majority's conclusion that recklessness must be alleged.

Legal conclusions such as "negligence," "wilful and wanton conduct," "recklessness" need not be alleged.

Section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 42(2)) states clearly and unequivocally:

> "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet."

The characterization of acts as "wilful and wanton," "reckless," or "negligent" is not necessary. In a cause based on negligence, no specific form of words is required to state the negligence on which the action is based. (*Miller v. S.S. Kresge Co.* (1922), 306 Ill. 104, 137 N.E. 385; 2 Nichols, Illinois Civil Practice §961 (Rev. ed. 1979).) There need not be an express allegation that the act was "negligent." It is the facts alleged that are important. If from the alleged facts a judge can see that all elements of the cause of action are stated, then characterizations are unimportant and the complaint will survive a motion to dismiss for failure to state a cause of action. If the facts are said to be negligence, and don't show it, then the characterization as negligence is equally unimportant and the complaint is subject to the motion. What has been said as to negligence applies equally as well as to the other two characterizations.

It must be beyond dispute that "should have known" knowledge is sufficient for wilful and wanton conduct. (*Turner*; Restatement (Second) of Torts §500; Prosser, Torts §34 (4th ed. 1971).) The difference between wilful and wanton conduct or negligence is a difference of degree only. Whether or not there has been wilful and wanton conduct in any given case necessitates close scrutiny of the facts as disclosed by the evidence. *Myers v. Krajefska* (1956), 8 Ill. 2d 322, 134 N.E.2d 277.

I would hold that the allegations of the complaint state a good cause of action because the school district either knew or should have known of the dangerous condition.

Finally, we come to my contention that a count mislabeled as wilful and wanton conduct will withstand a motion to dismiss if it states another good cause of action—in this case, negligence. Here is the law:

"On a motion to dismiss a complaint for insufficiency, every intendment and fair inference is in favor of the pleadings, and if under any aspect of the facts stated the plaintiff could recover, the motion should be denied. (See *Kenneke v. First National Bank* (1978), 65 Ill. App. 3d 10, 382 N.E.2d 309; *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770.) A motion to dismiss should be denied if a good cause of action is stated, although not the one intended by plaintiff. (2 Nichols, Illinois Civil Practice §1413 (1961).) Although count I is denominated by plaintiff a cause of action for trespass, we find it sufficient as an action to enjoin interference with a leasehold interest, including easements appurtenant thereto, to withstand a motion to dismiss." *Great Atlantic & Pacific Tea Co. v. La Salle National Bank* (1979), 77 Ill. App. 3d 478, 482, 395 N.E.2d 1193, 1196-97.

"Plaintiffs contend that defendant Packerland should be held liable under count II for intentionally hiring an unstable driver, while defendant Packerland argues that plaintiffs are attempting to espouse a theory of negligent hiring in count II. We agree that our courts recognize a cause of action for negligent or reckless hiring of an employee who commits a criminal or intentional act outside the scope of employment. (*Tatham v. Wabash R.R. Co.* (1952), 412 Ill. 568, 107 N.E.2d 735; *Becken v. Manpower, Inc.* (7th Cir. 1976), 532 F.2d 56.) However, we construe count II to allege an entrustment theory; that defendant Packerland wilfully, wantonly, or intentionally entrusted its truck to a driver it knew or should have known was emotionally and mentally unstable and unsuitable, had a disposition for intentional conduct which would cause or strike fear into other persons using roadways reserved for the general public, and was probably insane. A motion to dismiss does not lie if a good cause of action is stated, although not the one intended by plaintiff(s). *Browning v. Heritage Insurance Co.* (2d Dist. 1975), 33 Ill. App. 3d 943, 947, 338 N.E.2d 912; Nichols, Illinois Civil Practice §1413 (1961)." *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 964, 370 N.E.2d 1235, 1239.

No one appears to dispute that this boy could recover for the school district's simple negligence in failing to maintain its equipment, upon proper proof. *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323.

I also note the rule that unnecessary allegations (*e.g.*, wilful and wanton) are surplusage and can be disregarded. The test is whether the alleged surplusage could be stricken and still leave a good pleading. 2 Nichols, Illinois Civil Practice §766 (Rev. ed. 1979).

The substantive effect of the majority opinion is to impose a strict, even formalistic, pleading rule upon the minor plaintiff. I dissent.