**Betsy Grimm and Rosemarie Grimmenga, Plaintiffs-Appellants, v. Pete F. Carallis, Defendant-Appellee.**

**Gen. No. 52,123.**

First District, Third Division.
September 19, 1968.
Rehearing denied October 24, 1968.

Morton A. Resnick, of Chicago, for appellants.

Hubbard, Hubbard, O'Brien & Hall, of Chicago (Alvin G. Hubbard and George S. Miller, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an action to recover damages for personal injuries sustained by the plaintiffs when the defendant backed his automobile into the left front fender of their automobile. The complaint was filed on behalf of Arthur Grimm, Betsy his wife, their two minor children Rosemarie and Linda, and Rosemarie Grimmenga, his mother. The court dismissed the suit as to the two children and no appeal has been taken from that order. Arthur Grimm took a nonsuit at the close of all the evidence. The jury returned a verdict of not guilty as to the remaining complainants, Betsy Grimm and Rosemarie Grimmenga. Judgment was entered on the verdict and they appeal. The facts follow.

On June 25, 1961, at approximately 5:00 p. m., Betsy Grimm was driving the family car east in the right-hand lane of 31st Street in La Grange Park, Illinois. Her husband Arthur was seated in the front and Rosemarie Grimmenga was in the back seat with the two children. Mrs. Grimm stopped her car behind another car for a red traffic signal at La Grange Road. The light then changed to green and she followed the car ahead of her into the intersection. The defendant, who was traveling north on La Grange Road, had entered the intersection while Mrs. Grimm was waiting for the traffic signal to change, but he was unable to travel completely across the intersection because of congested traffic ahead of him. In an attempt to get into the other lane of traffic, the defendant backed his car a few feet and struck the left front fender of plaintiffs' vehicle which had come to a stop about halfway through the intersection.

Immediately after the impact Arthur Grimm alighted from the car. He testified that he observed the defendant pull across the intersection, stop at the northeast corner, get out of his car and then get back in and drive away. He remembered the defendant's state license number and gave it to the police when they arrived at the scene of the accident. The following morning the police called the

defendant and told him they thought he had been involved in an automobile accident. The defendant examined his car and found that the left taillight was broken and that there were chips of paint on the broken taillight and bumper.

Defendant did not deny that the accident had occurred, but he did deny being aware of striking the Grimm car when he backed up. He testified that he stopped in the intersection; that when the car ahead backed up, he also backed up and that he pulled around the car ahead of him and proceeded north in the inner lane of La Grange Road. He said he had some ear difficulty which impaired his hearing and that there was much noise and confusion at the intersection. His attorney admitted in closing argument that the defendant backed into plaintiffs' car and argued to the jury that he was nevertheless not negligent.

Plaintiffs contend that the evidence presented was consistent only with a finding of liability and that the jury's verdict of not guilty was contrary to the manifest weight of the evidence. They contend that the court erred in not granting their motion for a new trial. Defendant contends that because he entered the intersection first, he had the right-of-way; that it was proper for him to move his car back a few feet in order to move into the inner lane of traffic and that the plaintiff Betsy Grimm was herself negligent in not keeping a proper lookout. He further contends that the jury's verdict was supported by the evidence.

██ It is undisputed that each vehicle had entered the intersection when the light facing its lane was green and that each was acting properly while stopped in the congested intersection. It is clear however that the defendant ceased acting as a reasonably prudent man when, apparently without looking, he backed into plaintiffs' automobile. When a driver of an automobile undertakes

to drive backward, due care requires that he ascertain what is behind him and avoid a collision with any person or car properly there. There is no evidence of any lack of care on the part of the plaintiffs. Pierson v. Lyon & Healy, 150 Ill App 116. The jury's verdict finding the defendant not guilty is contrary to the manifest weight of the evidence and in such case we have no other choice but to reverse the judgment of the trial court. Zide v. Jewel Tea Co., 39 Ill App2d 217, 188 NE2d 383; Ferno v. Brown, 14 Ill App2d 507, 145 NE2d 91.

The remaining points raised on this appeal are rendered moot by our finding that the verdict was contrary to the manifest weight of the evidence, but we will comment on defendant's contention that the jury was properly allowed to take into consideration the excessive claims made by the plaintiffs as affecting their credibility. It has become common practice in personal injury suits to exaggerate the extent of injuries and to pray for damages grossly in excess of any that might reasonably have been incurred. The fact that the practice is common does not however make it proper. Such statements when controverted by the evidence may be considered by the jury as affecting the plaintiff's credibility.

Rosemarie Grimmenga claimed $10,000. She testified that she injured her leg but was able to go to work the day after the accident. Dr. Richard Fried testified that he treated her with diathermy for a contusion on her left leg; that there was no permanency involved in the injury and that he charged her $140 for his services.

Betsy Grimm claimed $100,000. She testified that she was thrown against the seat by the impact of the collision and that she experienced a sharp shooting pain down her leg and lower back when she got out of the car. Dr. Robert Ray testified that Mrs. Grimm suffered from a congenital inflammation of the vertebrae in her back;

that sixteen days before the accident he had advised her of the possibility that a spinal fusion might be necessary and said that the accident might or could have aggravated the symptoms of her preexisting condition.

The claims of the plaintiffs who have not appealed were even more obviously excessive. Arthur, Rosemarie and Linda Grimm each claimed $10,000 in damages. The complaint specifically alleged that Arthur Grimm as the father of the two minor plaintiffs became liable "for large sums of money for medical expenses." At the trial the only evidence of injury to either of the minor plaintiffs was the testimony of Rosemarie Grimm that she fell on the floor *when the car* stopped but was not hurt. Neither is there any injury shown to Arthur Grimm.

Plaintiffs' claims for damages were far in excess of any damages that could reasonably have been incurred. There may have been some damages for which the appellants were entitled to recover. The judgment as to the appellants is reversed and the cause is remanded for retrial and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.