SUSANNE RITTER *et al.*, Plaintiffs-Appellants, *v.* MICHAEL FERENCZI, Defendant-Appellee.

(No. 56304;

First District (5th Division)—November 16, 1973.

*Rehearing denied December 17, 1973.*

Judson H. Miner, of Chicago (Davis, Miner & Barnhill, of counsel), for appellants.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellee.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiffs, Susanne and Fred Ritter, brought suit against defendant, Michael Ferenczi, for personal injuries to Susanne Ritter and for loss of consortium sustained by Fred Ritter as a result of defendant having backed his automobile into Susanne Ritter. Plaintiffs alleged both negligence and willful and wanton misconduct. At the close of plaintiffs' case the trial judge granted defendant's motion to strike the willful and wanton count. The jury returned a verdict for defendant and specifically found defendant free of negligence and plaintiff, Susanne Ritter, guilty of contributory negligence. The trial judge entered judgment on the verdict and denied plaintiffs' post-trial motion which sought to set aside the jury verdict, the findings on the special interrogatories, to enter judgment notwithstanding the verdict or in the alternative to grant a new trial.

Plaintiffs contend: (1) the finding that defendant was free of negligence is contrary to the manifest weight of the evidence; (2) the finding that plaintiff was contributorily negligent is against the manifest weight of the evidence; and (3) that the trial judge erred in taking the question of willful and wanton misconduct from the jury.

On the evening of May 11, 1969, the defendant and his wife picked up the plaintiffs and together they drove to a friend's home. Mr. Ritter sat behind the driver, Mr. Ferenczi, and Mrs. Ritter sat behind Mrs. Ferenczi. Upon arriving at their destination, defendant parked the car on the opposite side of the street to where their friends lived. The passenger side of the car faced the curb. Defendant testified that he had to pull out somewhat in order for the passengers to open their doors due to the presence of a high curb. Afterward he again moved the car close to the curb. The other three passengers did not remember whether defendant had to move the car out or not.

At approximately 1:00 A.M. the Ritters and the Ferenczis left their friends' house and started across the street. Half way across the street the passengers stopped and waved back to their hosts who were standing by the window of their apartment overlooking the street. Defendant left the other passengers and reached the car first.

Defendant, called as a witness under Section 60 of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, par. 60), testified that the distance

between his car and the car in front of him was very short. He looked back over his right shoulder to see how far he could back up and then put the car in reverse. At this time he had no idea where the other passengers were. When he took his foot off the brake, the car didn't move, so he put his foot on the accelerator to give it a little gas. Defendant had originally looked back over his shoulder and then was looking through his rear view mirror. All of a sudden the car jumped backward, striking Susanne Ritter. He stated his car has a wrap around back window, and he could see the hood of the other vehicle behind him, which was about four feet high. He estimated that Susanne is about five feet three inches tall. He never saw her at any time before getting out of the car, but when he got out of the car, she was to the left side (toward the street) of his car's bumper, approximately four to four and a half feet from the curb or about a car width from the curb.

John J. Somley, called by plaintiffs, testified that the Ritters and Ferenczis were guests at his home; that when they left, he was watching from his second floor window; he heard a louder sound from the motor of the car, the car jumped back and he heard a scream. He saw Susanne fall about one and one-half to two feet from the curb.

Plaintiff, Fred Ritter, testified that as they were walking across the street, defendant went ahead and sat in his car. Then Susanne and Mrs. Ferenczi separated, the former going toward the rear of the car and the latter toward the front of the car. He stated that just as his wife went behind the car, just as she made a few steps, he heard defendant accelerate his car. Then the car jumped quickly backward and hit the car behind it. Defendant did not warn anyone that he was going to back up. When Susanne fell to the ground, she was lying close to the curb. She had made no sign or signal to show she was about to walk behind the car.

Mrs. Ferenczi, defendant's wife, testified for plaintiffs that when Susanne fell, she was lying very close to the curb. Mrs. Schusler, who lived across the street from where the accident occurred, testified for plaintiffs. She didn't see the accident but when she heard somebody screaming, she went downstairs and into the street and saw Susanne lying almost prone in the street in the water next to the curb.

Susanne testified that she was struck by defendant's car as she was walking behind the car to approach the right rear passenger door to take the seat she occupied on the earlier car ride. When asked how far or how close from the curb she was when struck, she said, "About the middle." She did not hear the car start up nor the engine running. She never told defendant she was going to walk behind the car, nor did she look to see if anyone was in the car. In fact, she testified that defendant

was not in the car and that the car lights were not on. It was shown that in an earlier deposition she had stated that she didn't look for any lights.

Defendant, in testifying on his own behalf, reiterated much of what he stated when testifying as a Section 60 witness. He added that on the date of the occurrence his car was in excellent mechanical condition and was equipped with back-up lights which were in proper working order. He stated that when he got into the car, he started the engine, turned on the lights and tried to move out from the spot so his passengers could get in. He had waited, with the motor running and his brake lights on, about 10 to 15 seconds. He also stated that there was nothing to block his vision.

Leonard Bain, a car expert, also testified for defendant. He was familiar with a 1964 Pontiac automobile and stated that the back-up lights operate at any time when the ignition is on regardless of whether the motor is running and whether the lights are on or off and whether it is day or night.

OPINION

Plaintiffs first argue that the jury's special finding that defendant was not negligent is against the manifest weight of the evidence. Citing *Pierson v. Lyon & Healy*, 150 Ill.App. 116; *Grimm v. Carallis*, 99 Ill.App.2d 404, 241 N.E.2d 637; and Ill. Rev. Stat. 1969, ch. 95½, par. 11—1402, they allege that defendant had a duty to look when he was backing up; that when he looked, he should have seen Susanne, and therefore he was negligent when his car struck her. It is urged that, in not seeing plaintiff, defendant was negligent as a matter of law. To support this proposition plaintiffs refer to a line of cases standing for the proposition that "one cannot look with unseeing eye and not see the danger which he could have seen by the proper exercise of his sight, or stated another way, one will be deemed to have observed that which would necessarily have been seen if he had looked, and will not be absolved of the charge of negligence in failing to look by testimony that he looked and did not see." (*Pantlen v. Gottschalk*, 21 Ill.App.2d 163, 170, 157 N.E.2d 548; *Dee v. City of Peru*, 343 Ill. 36, 174 N.E. 901; *Payne v. Kingsley*, 59 Ill.App.2d 245, 207 N.E.2d 177.) Basically, plaintiff argues that since she was hit by the back of defendant's car, defendant should have seen her.

■■ Negligence as a matter of law is not proved merely because a defendant, while backing up his vehicle, strikes a pedestrian. (See *Johnson v. Skau*, 33 Ill.App.2d 280, 179 N.E.2d 40; *Jacobson v. National Dairy Products Corp.*, 32 Ill.App.2d 37, 176 N.E.2d 551.) In *Hitt v. Langel*, 93 Ill.App.2d 386, 397, 236 N.E.2d 118, the court, in citing *Brayfield v. Johnson*, 62 Ill.App.2d 59, 210 N.E.2d 28, and *Frozen Food*

*Express v. Modern Truck Lines, Inc.,* 79 Ill.App.2d 84, 223 N.E.2d 275, said:

> " 'A court of review can set aside a verdict as being against the manifest weight of the evidence only when it is obvious or clearly evident that the jurors have arrived at an incorrect result. Romines v. Illinois Motor Freight, Inc., 21 Ill.App.2d 380, 158 N.E.2d 97 (1959). It is for the jury alone to determine the credibility of witnesses and the weight of the evidence on controverted questions of fact. A verdict based on conflicting evidence and approved by the trial judge should not be disturbed on appeal unless contrary to the manifest weight of the evidence; that is, an opposite conclusion must be clearly evident, clear, plain, indisputable. Schneiderman v. Interstate Transit Lines, Inc., 331 Ill.App. 143, 72 N.E.2d 705 (1947).' "

■■ In the case at bar it is not clear, plain and indisputable that defendant should have seen Susanne. The evidence is conflicting as to where she fell with relation to the curb. There is no evidence as to what part of the rear of defendant's car struck Susanne. The jury could have determined that just as defendant, having ascertained that nothing was behind him, began to back up the car, Susanne walked into the path of the backing car. Since there is evidence sufficient to support this contention, it is not in the province of this court to disturb the decision of the jury.

■■ Plaintiffs also contend that the trial court erred in taking the question of willful and wanton misconduct from the jury. The jury in this case specifically found defendant free of negligence, a judgment we have just now affirmed. Thus, even if there was error in taking the issue of willful and wanton negligence from the jury, in view of the jury's finding absolving defendant of any negligence, such error cannot be deemed prejudicial. (*Greenlee v. John G. Shedd Aquarium,* 31 Ill.App.2d 402, 176 N.E.2d 684, 688.) However, we have reviewed the record and find that no error was committed in taking the question of willful and wanton negligence from the jury.

■■ Although there has been a variety of definitions as to willful and wanton misconduct, the most commonly cited is:

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of

ordinary care." *Schneiderman v. Interstate Transit Lines, Inc.*, 394 Ill. 569, 583, 69 N.E.2d 293.

"Wilful and wanton conduct is carelessness, but carelessness is not wilful and wanton misconduct." *Rowe v. Frazier*, 83 Ill.App.2d 367, 378-9, 227 N.E.2d 781.

■■ When all of the evidence is viewed in the light most favorable to plaintiffs, there is an absence of proof that defendant was guilty of willful and wanton misconduct. It may be inferred from the evidence that defendant, when he looked in back of the car, failed to see Susanne when he should have seen her, and he failed to ascertain at the time he backed up his car where any of his passengers were. There is no evidence that defendant backed his car up with the intention to strike Susanne nor is there evidence that defendant had any knowledge of the impending danger. There is testimony that before defendant backed up, he started his motor, turned on his lights, looked to the rear and waited 10 or 15 seconds before releasing the brake. Viewing all the evidence in a light most favorable to plaintiff, we cannot say that there was proof that defendant failed to discover the danger through recklessness or carelessness. The trial court was correct in taking the issue of willful and wanton misconduct from the jury.

Plaintiffs finally argue that the finding that Susanne was contributorily negligent is against the manifest weight of the evidence. A decision on this issue is made unnecessary by the jury's conclusion that defendant was free of any negligence. However, we have reviewed the record and plaintiffs' arguments and find no merit in their contentions.

The judgment is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.