JEWELL HICKS, Plaintiff-Appellant, v. ROSCOE DONOHO, Defendant-Appellee.

Fifth District   No. 79-182

Opinion filed November 27, 1979.—Rehearing denied January 2, 1980.

Crain, Hall & Cooksey, of Centralia, for appellant.

Walker and Williams, P. C., of Belleville (John B. Gunn and James C. Cook, of counsel), for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

A jury in the circuit court of Clinton County returned a verdict in favor of defendant, Roscoe Donoho, in a personal injury action brought by plaintiff, Jewell Hicks. Plaintiff filed suit to recover damages for injuries sustained when the automobile she was driving was struck by a vehicle driven by defendant. It is from the trial court's order denying her

post-trial motion that plaintiff appeals. In the motion she sought a judgment notwithstanding the verdict with respect to the issue of liability and a new trial on the issue of damages, or, in the alternative, a new trial as to all the issues.

The evidence at trial indicates that the incident occurred in an alley which ran behind plaintiff's and defendant's homes. As defendant backed his automobile out of his driveway into the alley, he struck plaintiff's vehicle which was proceeding down the alley. Driving conditions at the time of the accident were excellent. It was a clear, sunny day and the surface of the oil and gravel based alley was dry. Moreover, photographs of the alley depicting the accident scene disclose that defendant's vision to either side of the alley from his driveway was completely unobstructed and devoid of any obstacles. Damage to both vehicles appeared slight as revealed by photographs taken by defendant's wife. Defendant stated that the only damage to his car was a dent in the left rear bumper which he characterized as "about the size of a silver dollar."

Plaintiff testified that she was on her way home from work when the accident occurred. As she drove down the alley toward her driveway, which was situated beyond defendant's, she estimated her speed to be approximately 7 m.p.h. She observed defendant's automobile standing motionless in his driveway and stopped three car lengths short of it. According to her testimony, she stopped to ascertain whether the car was in the process of being backed into the driveway. She then saw defendant open a garage door, walk over to his vehicle and look directly at her. It was her testimony that she assumed that he would drive his vehicle into the garage; therefore, she proceeded down the alley. When she saw defendant suddenly backing toward her, she honked her horn, turned to the left as far as she could go without hitting debris on that side of the alley and braked her car. At this moment, defendant made contact.

Defendant testified that he backed into the alley in order to open his garage door prior to parking his vehicle in the garage. He explained that this maneuver was necessary since his garage doors swung out toward his parked car and the garage was situated close to the alley which prevented the doors being opened while his car was in his driveway. He stated that he looked down the alley in both directions before backing and saw no cars. According to defendant, as he eased his vehicle into the alley he felt it touch the vehicle of plaintiff, at which point he applied the brakes and stopped. There was evidence that after the accident defendant made an offer to plaintiff to pay for any damage to her vehicle.

Plaintiff contends that the evidence sufficiently establishes both defendant's negligence in backing into the alley when it was not safe to do so and her freedom from contributory negligence since she had the right-

of-way while proceeding down the alley. Thus, she argues that the jury's verdict was contrary to the manifest weight of the evidence.

In reviewing the record in this cause we are mindful that "* * * verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria and Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

■■■ With respect to the question of negligence, section 11—1402(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—1402(a)) states in part:

> "The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic."

It is well settled in Illinois that a motorist engaged in backing a vehicle is under an obligation to ascertain whether there is traffic behind him and to avoid a collision. (*Grimm v. Carallis* (1968), 99 Ill. App. 2d 404, 241 N.E.2d 637; *Phelan v. Santelli* (1975), 30 Ill. App. 3d 657, 334 N.E.2d 391.) A driver will not be excused from this obligation merely upon a showing that he looked behind him while backing.

> "It is equally well established by the law in Illinois, that one cannot look with unseeing eye and not see the danger which he could have seen by the proper exercise of his sight, or stated another way, one will be deemed to have observed that which would necessarily have been seen if he had looked, and will not be absolved of the charge of negligence in failing to look by testimony that he looked and did not see. [Citations.]" *Pantlen v. Gottschalk* (1959), 21 Ill. App. 2d 163, 170, 157 N.E.2d 548, 551.

■■ We find *Pantlen* to be controlling in the instant case and believe that the evidence presented can only support a finding that defendant negligently backed his vehicle into the alley striking the vehicle of plaintiff despite his testimony that he looked carefully down each side of the alley prior to backing and observed no vehicles there. Plaintiff testified that she stopped in the alley three car lengths from defendant's driveway and did not resume her progress until she saw defendant look in her direction. She estimated her speed prior to the collision at 5 m.p.h. Photographs of the alley in the vicinity of the impact area reveal no visual obstructions justifying defendant's failure to notice plaintiff. Additionally, driving conditions were ideal, the surface of the alley was dry and the sun was shining. In view of plaintiff's speed as well as the visual and driving conditions in the alley, defendant cannot be excused for failing to view plaintiff and for failing to take steps necessary to avoid a collision.

Defendant argues that the decision of the jury was grounded upon the credibility of defendant and plaintiff, the only witnesses to the accident, and he concludes that in view of its verdict in his favor, no weight should be given to plaintiff's testimony. We disagree.

From defendant's testimony that he looked in both directions and saw no vehicles in the alley prior to backing, the inferences were raised that plaintiff was not in the alley when defendant began his maneuver and that plaintiff drove faster than 5 m.p.h. These inferences conflicted with plaintiff's testimony and were utilized by defense counsel in closing argument. However, such inferences are belied by the slight amount of damage sustained by the vehicles and the fact that, in the words of defendant, they "just touched." The extent of vehicular damage tends instead to corroborate plaintiff's testimony that she was in the alley and driving slowly when defendant began backing up. It is virtually impossible that the vehicles would not have been more severely damaged had plaintiff been driving at a rate of speed sufficient for her to turn into the alley and position herself behind defendant's moving vehicle, all during the brief period while defendant was in the process of backing.

Plaintiff also contends that her freedom from contributory negligence is supported by the manifest weight of the evidence. We agree.

Plaintiff stated that after she stopped short of defendant's driveway she did not continue down the alley until she saw defendant look towards her. When she observed defendant suddenly backing straight at her vehicle, she honked her horn and took evasive action. This consisted of swerving to the left side of the alley as far as she could go and braking. This testimony was not challenged by defendant who did not see plaintiff until after he struck her automobile. Furthermore, it cannot be said that a vehicle backing into an alley had the right-of-way over a vehicle driving in the alley.

This court in *Roewe v. Lombardo* (1966), 76 Ill. App. 2d 164, 221 N.E.2d 521, held that a pedestrian could reasonably assume that a parked vehicle whose path he is crossing will not move suddenly without warning. In applying this rationale to the instant case, we hold that a motorist can reasonably assume that a parked vehicle will not without warning back into an alley or road on which the motorist has the right-of-way. On the basis of plaintiff's evasive action and her justification for proceeding behind the parked vehicle, we are of the opinion that she is free from contributory negligence.

As was stated in *Grimm v. Carallis* (1968), 99 Ill. App. 2d 404, 407, 241 N.E.2d 637, 639, "[t]he jury's verdict finding the defendant not guilty is contrary to the manifest weight of the evidence and in such case we have no other choice but to reverse the judgment of the trial court. [Citations.]" Here, the manifest weight of the evidence indicates that defendant was

negligent as a matter of law and plaintiff was free from contributory negligence as a matter of law. For the foregoing reasons, we hold that defendant was negligent in backing his automobile and that plaintiff was free from contributory negligence.

Therefore, the trial court's order denying plaintiff's motion for judgment notwithstanding the verdict with respect to the issue of liability is reversed, and this cause is remanded for a hearing on the issue of damages.

Reversed and remanded.

JONES, P. J., and KARNS, J., concur.