2020 IL App (1st) 181313-U

No. 1-18-1313

Order filed June 5, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | |
|---|---|
| DANIEL SANCHEZ, | ) |
| | ) Appeal from the |
| Plaintiff, | ) Circuit Court of |
| | ) Cook County. |
| v. | ) |
| | ) No. 15 L 9339 |
| JUAN PEREZ and CITY OF CHICAGO, a municipal | ) |
| corporation, | ) Honorable |
| | ) Janet A. Brosnahan, |
| Defendants. | ) Judge, Presiding. |

_____

JUSTICE HALL delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the circuit court's order denying plaintiff's motion for a new trial and for judgment notwithstanding the verdict. The circuit court did not err when it instructed the jury pursuant to section 11-1205 (625 ILCS 5/11-1205 (West 2018)) of the Illinois Vehicle Code.

¶ 2     Plaintiff, Daniel Sanchez, appeals from an order of the circuit court which denied his motion for a new trial or a judgment notwithstanding the verdict (judgment n.o.v.) in favor of defendants Juan Perez (Perez) and the City of Chicago (City) (collectively, defendants).  Plaintiff filed a complaint against defendants following an automobile accident in which Perez's garbage truck and plaintiff's SUV collided while Perez was reversing out of a parking lane outside of a

strip mall along Narragansett Avenue and plaintiff was exiting the strip mall driveway to make a right turn onto Narragansett. On appeal, plaintiff contends that the circuit court erred when it: failed to rule on a question of law, namely, whether section 11-1205 of the Vehicle Code gives a driver operating in reverse the right-of way; denied his motion for a new trial because the jury's verdict in favor of the defendants was against the manifest weight of the evidence; and denied his motion for a judgment n.o.v. For the following reasons, we affirm.

¶ 3                                           BACKGROUND

¶ 4      Perez and plaintiff testified at trial and offered different accounts of how the accident occurred.

¶ 5      On November 21, 2011, at approximately noon, Perez stopped for lunch and parked his garbage truck in the parking lane outside a strip mall on Narragansett Avenue, near its intersection with Diversey Avenue. Perez testified that he parked just north of the exit from the strip mall parking lot behind another vehicle, with the rear of his truck towards the driveway. He testified that he chose that parking space because there was plenty of room for his garbage truck, which was 25 feet in length, eight feet wide, and weighed eight tons. After he parked, he left the truck running, pulled on the emergency brake, turned on his flashers, exited the truck and looked behind it to make sure he had enough room to reverse. He then went into the Little Caesar's restaurant in the strip mall.

¶ 6      After purchasing his lunch, Perez returned to the truck and ate. The truck was still running with the emergency brakes and flashers on. Perez testified that he could not pull forward out of the space because he was close to the vehicle in front of him.

¶ 7    Perez testified that when he finished eating his lunch, he placed his hands on the steering wheel, put his foot on the brake, pushed a yellow button, which released the brakes, and pushed the reverse button on, which activated a beeping alarm which signaled that he was going to reverse. He then looked at his right-side rear-view mirror. He could see the driveway, the sidewalk and the end of his truck, and there was no one behind him. He then looked at his left-side rear-view mirror and did not see anything except for traffic moving northbound on Narragansett. After looking both right and left, he took his foot off the brake and the truck began to automatically reverse very slowly. He did not place his foot on the gas. The truck continued to beep as it reversed, and both the red flashing lights and reverse white lights remained on.

¶ 8    As the truck reversed, Perez looked to the right again and that is when he saw plaintiff's SUV for the first time, exiting the strip mall. Perez testified that the back right-end of his truck, the flipper, struck the passenger door of plaintiff's SUV. Perez did not know when he hit plaintiff's SUV and he did not feel the impact. When he realized he hit plaintiff's vehicle, Perez stopped the truck immediately and pulled on his emergency brakes. Plaintiff came over to his truck and started telling Perez that he hit his car. Perez called the police and his supervisor and stayed in his vehicle until the police arrived.

¶ 9    When his supervisor arrived, Perez exited his vehicle, went behind the truck and noticed that the flipper from the truck made a hole in plaintiff's vehicle and had broken the passenger side window of the SUV. Perez left after the police arrived and plaintiff drove away in his SUV.

¶ 10    Plaintiff testified that he drove his Ford Explorer to the strip mall parking lot located at Narragansett and Diversey Avenue at approximately noon on November 21, 2011, to go to the currency exchange. As he was leaving the strip mall, he stopped his vehicle at the sidewalk to look

for pedestrians. He intended to make a right turn but stopped due to oncoming traffic from his left going northbound on Narragansett. He also noticed a City garbage truck parked to his right with its flashing lights on and observed through the truck's right side-view mirror that the driver was talking on his cell phone.

¶ 11 Plaintiff testified that the truck had not reversed yet, so he moved forward halfway into the parking lane. He testified that while he was at a complete stop, suddenly, he heard a beep and saw the garbage truck reversing towards his car. He looked behind him and noticed that there was a vehicle immediately behind him so he could not back up. He also could not turn right due to oncoming traffic. He began blowing his horn at the truck, but the truck did not stop. Plaintiff testified that the rear of the truck hit the front passenger door of plaintiff's SUV, the window exploded, he hit his head on the driver's side window, and the truck kept reversing and shook his entire body. He testified that the incident lasted approximately four to five seconds, that he was pushed a couple of feet, and that the truck was coming fast.

¶ 12 During the jury instructions conference, plaintiff presented jury instruction number 22, which quoted section 11-1402(a) (625 ILCS 5/11-1402(a) (West 2018)) of the Illinois Vehicle Code (Vehicle Code) and incorporated Illinois Pattern Jury Instructions, Civil, No. 60.01 (2011) (hereinafter IPI Civil 60.01), entitled Violation of Statute, Ordinance, or Administrative Regulation, and read:

> "The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic.
>
> If you decide that a party violated the statute on the occasion in question; then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, a party was negligent before and at the time of the occurrence."

Defendants objected to plaintiff's instruction number 22.

¶ 13    Defendants presented jury instruction number 15 which quoted section 11-1205 of the Vehicle Code (625 ILCS 5/11-1205 (West 2018)), and also incorporated IPI Civil 60.01 and read:

> "The driver of a vehicle emerging from an alley, building, private road or driveway within an urban area shall stop such vehicle immediately prior to driving into the sidewalk area extending across such alley, building entrance, road or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon, and shall yield the right-of-way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on such roadway.
>
> If you decide that the plaintiff violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether and to what extent, if any, the plaintiff was negligent before at time of the occurrence."

¶ 14    Plaintiff objected to defendants' instruction number 15, arguing that a vehicle that is operating in reverse does not have the right-of-way no matter where it is. He also argued that this statute refers to vehicles approaching on the highway in the direction of travel and thus, it did not apply to the facts of this case.

¶ 15    Despite the parties' objections, the circuit court instructed the jury on IPI Civil 60.01 and incorporated both sections 11-1205 and 11-1402(a) of the Vehicle Code.

¶ 16    Following deliberations, the jury returned a verdict in favor of defendants, and answered a special interrogatory which found plaintiff more than 50% contributorily negligent. The circuit court subsequently entered judgment on the verdict and denied plaintiff's motion for a new trial and for judgment n.o.v. On June 18, 2018, plaintiff filed a timely notice of appeal.[1]

---

[1] This case was fully briefed on May 17, 2019, and assigned to the authoring justice's inventory of cases on May 20, 2019. The authoring justice first circulated a proposed disposition to Justice Delort and Justice Rochford on May 21, 2020.

¶ 17                                      ANALYSIS

¶ 18                                  Jury Instructions

¶ 19    Plaintiff first contends on appeal that the circuit court erred when it allowed defendants' proffered jury instruction. He argues that the court failed to rule on a question of law, namely, whether section 11-1205 of the Vehicle Code gives the driver of a vehicle operating in reverse the right-of way. He contends that section 11-1402(a) makes it clear that a vehicle operating in reverse may only do so if (1) such movement can be made safely, and (2) without interfering with other traffic. Hence, a driver of a vehicle moving in reverse can never have the right-of-way. Plaintiff further contends that by instructing the jury on both section 11-1205 and section 11-1402(a), the court erroneously left it up to the jury to decide a question of law.

¶ 20    Although the circuit court has discretion to determine which instructions to give the jury, the standard of review is *de novo* when the question is whether the applicable law was accurately conveyed. *Barth v. State Farm Fire & Casualty Co.*, 228 Ill. 2d 163, 170 (2008).

¶ 21    At trial in this case, the court presented IPI Civil 60.01 to the jury which incorporated both defendants' instruction number 15 based on section 11-1205 and plaintiff's instruction number 22 based on section 11-1402(a). Defendants' jury instruction quoted section 11-1205 of the Vehicle Code in its entirety. Ordinarily, the giving of an instruction in the language of a statute is not reversible error. *Kasovic v. Preston Trucking Co., Inc.*, 147 Ill. App. 3d 448, 545 (1986). Here, the circuit court did not paraphrase, summarize or omit anything from section 11-1205 of the Vehicle Code prior to presenting it to the jury, but presented it verbatim.

¶ 22    Furthermore, our case law is clear that whenever an IPI instruction is applicable in a civil case, the court, giving due consideration to the facts and the prevailing law, is required to use that

instruction. *Hobart v. Shin*, 185 Ill. 2d 283, 294 (1998); Ill. S. Ct. R. 239 (eff. Apr. 8, 2013). Section 11-1205 provides that a, "driver of a vehicle emerging from [a] * * * private road or driveway within an urban area shall stop such vehicle immediately prior to driving into the sidewalk area extending across such * * * road or driveway * * * and shall yield the right-of-way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on such roadway." 625 ILCS 5/11-1205 (West 2018). The Vehicle Code defines "right-of-way" as, "[T]he right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed and proximity as to give rise to danger of collision unless one grants precedence to the other. 625 ILCS 5/1-177 (West 2018). Additionally, the language in section 11-1205 is clear that a driver of a vehicle emerging from a private driveway in an urban area must stop and yield the right-of-way to pedestrians before entering the sidewalk area, and before entering the roadway, and to "yield the right-of-way to all vehicles approaching on such roadway." 625 ILCS 5/11-1205 (West 2018). The evidence at trial established that immediately prior to the accident, plaintiff was emerging from a private mall area onto a sidewalk and attempting to merge onto Narragansett Avenue in an urban area; therefore, plaintiff's actions were regulated by this provision of the Vehicle Code. There was also evidence to support the theory that plaintiff failed to yield to Perez in violation of section 11-1205. In addition, Perez testified that he activated his beeper and then looked to his right and left to insure there were no vehicles behind him prior to reversing. As such, instructing the jury with the language contained in section 11-1205 was not only appropriate but relevant. The court's use of IPI Civil 60.01 and its instruction quoting portions of the Vehicle Code that were relevant to the facts of this case was not in error.

Therefore, we reject plaintiff's contentions that presenting section 11-1205 of the Vehicle Code to the jury was in error, as a matter of law.

¶ 23    Finally, plaintiff's contentions that the circuit court erred by instructing the jury on both sections 11-1205 and 11-1402(a), and that there was no evidence presented that plaintiff did anything wrong are simply incorrect.

¶ 24    "In Illinois, the parties are entitled to have the jury instructed on the issues presented, the principles of law to be applied, and the necessary facts to be proved to support its verdict." *Dillon v. Evanston Hospital,* 199 Ill. 2d 483, 505 (2002). "The function of jury instructions is to convey to the jury the correct principles of law applicable to the submitted evidence and, as a result, jury instructions must state the law fairly and *distinctly* and must not mislead the jury or prejudice a party." (Emphasis in original.) *Dillon,* 199 Ill. 2d at 507. The court has discretion to determine which instructions to give the jury and that determination will not be disturbed absent an abuse of that discretion." *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.,* 201 Ill. 2d 260, 273 (2002). "A reviewing court ordinarily will not reverse a court for giving faulty instructions unless they clearly misled the jury and resulted in prejudice to the appellant." *Schultz,* 201 Ill. 2d at 274.

¶ 25    In the instant case, there was sufficient evidence to support both section 11-1205 and section 11-1402(a). As explained previously, section 11-1205 was not only appropriate and relevant, but was also supported by the evidence. In addition, instructing the jury on section 11-1402(a) was also appropriate and relevant to the facts of this case. Section 11-1402(a) requires a driver reversing a vehicle to do so safely and without interfering with other traffic. Because Perez was reversing his truck, he had to insure there were no vehicles directly behind him before doing so. Plaintiff testified that he was already behind Perez when Perez began reversing. Therefore,

there was also evidence to support the theory that Perez did not back up safely, in violation of section 11-1402(a). The instructions incorporating both provisions allowed the jury to draw their own inferences based upon the evidence. *Maple v. Gustafson,* 151 Ill. 2d 445, 453 (1992).

¶ 26    As defendants correctly point out, both plaintiff and Perez had a duty to exercise reasonable care in operating their vehicles and these provisions delineated the applicable duty of care. Indeed, another jury instruction the court presented to the jury, Illinois Pattern Jury Instructions, Civil, No. 70.01 (2011), further exemplified that duty and provided, "[I]t is the duty of every driver of a vehicle using the public highway to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision."

¶ 27    Plaintiff relies on several cases in support of his argument that a reversing vehicle can never have the right-of-way. In *Hicks v. Donoho*, 79 Ill. App. 3d 541, 545-46 (1979), defendant was reversing out of his driveway and into an alley when he hit plaintiff's vehicle. The court entered judgment on the jury's verdict in favor of defendant. *Id.* The appellate court reversed, found in favor of plaintiff, and reasoned that, "it cannot be said that a vehicle backing into an alley had the right-of-way over a vehicle driving in the alley," and determined that defendant was negligent as a matter of law. *Hicks*, 79 Ill. App. 3d at 545-46. This court held that, "a motorist can reasonably assume that a parked vehicle will not without warning back into an alley or road on which the motorist has the right-of-way." *Id*., at 545.

¶ 28    Unlike the plaintiff in *Hicks*, in this case, plaintiff's action of exiting a private road or driveway is regulated by the Vehicle Code. In addition, the *Hicks* court did not stand for the proposition that a reversing vehicle can never have the right-of-way but that a reversing vehicle did not have the right-of-way when it is backing into an alley without warning. *Id*., at 545. Further,

the reasonable assumption supporting the court's holding in *Hicks* does not hold true here. Unlike the facts in *Hicks*, in this case, there was evidence that plaintiff did have warning that Perez's garbage truck was reversing when it began beeping.

¶ 29    *Wallace v. Weinrich*, 87 Ill. App. 3d 868 (1980), is also distinguishable. In *Wallace*, the appellate court determined that defendant was negligent after he hit a child playing in the street as he was reversing out of his driveway. *Wallace*, 87 Ill. App. 3d at 872. This court determined that defendant was guilty of negligence as a matter of law because the child was two-years old, and was thus, "conclusively presumed to be incapable of contributory negligence." *Id*. No negligence could be imputed to the child and only the conduct of the defendant could be considered. *Id*. In addition to clearly distinguishing the duty of care which should be owed to pedestrians who are children, it is important to note that the *Wallace* court did not stand for the broad proposition that a vehicle operating in reverse can never have the right-of-way. *Id.*, at 874-75.

¶ 30    In addition, as defendants correctly point out, there is caselaw where the jury decided whether a reversing garbage truck that collided with another vehicle had the right-of-way. See *Noel v. Jones*, 177 Ill. App. 3d 773, 780-81 (1988). Although that case was decided based upon a different section of the Vehicle Code, section 11-904, (625 ILCS 5/11-904 (West 2018)), (Vehicle entering stop or yield intersection), relevant here is the *Noel* court's determination that the trial court wisely allowed the jury to decide whether the truck constituted an immediate hazard, whether it was negligent for the driver of the vehicle to proceed through the intersection in the face of that hazard, and whether the truck driver exercised due care in backing the truck. *Noel*, 177 Ill. App. 3d at 772. The *Noel* court determined that the jury was clearly in the best position to determine from the facts if the defendants were negligent, if their negligence was the proximate cause of the

accident, and if Noel was injured thereby. *Id.*, at 782-83. Since the jury's resolution of these questions involved an assessment of the credibility of expert witnesses, the parties and the circumstantial evidence they presented, the court in *Noel* found that the motions for a directed verdict and judgment n.o.v. were properly denied. *Id*. Therefore, in this case, the court did not err by allowing the jury to determine, based upon the evidence and testimony of the witnesses, whether plaintiff had violated section 11-1205.

¶ 31                                  Contributory Negligence

¶ 32    Plaintiff further contends that the circuit court's error was compounded when it allowed defendants to incorporate section 5/11-1205 into Illinois Pattern Jury Instruction, Civil, No. 20.01 (20.01) (hereinafter IPI Civil 20.01), related to plaintiff's contributory negligence because it confused and misled the jury. Once again, plaintiff's argument fails because he provides no support in the record for his contention but presents the conclusory argument that incorporating the language of section 11-1205 was misleading without clearly establishing how the jury was misled particularly in light of the other instruction that was given. IPI Civil 20.01 included language related to all the issues, not only whether plaintiff was contributorily negligent, but it also addressed defendants' possible negligence as well. Thus, this contention is deemed forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017) (providing that an appellant's brief must contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"); *CE Design, Ltd. v. Speedway Crane, LLC*, 2015 IL App (1st) 132572, ¶ 18 ("The failure to provide an argument and to cite to facts and authority, in violation of Rule 341, results in the party forfeiting consideration of the issue.").

¶ 33                    Jury Verdict Against Manifest Weight of Evidence

¶ 34    Plaintiff relies on almost the identical argument for his next contention that the jury's verdict was against the manifest weight of the evidence. Once again, he argues that the only reason the jury returned a verdict against him was because the circuit court allowed defendants to present a defense of contributory negligence that was based on section 11-1205. He also contends that "the facts overwhelmingly showed that Perez failed to look for traffic before backing the garbage truck, or looked for traffic and did not see, or failed to ascertain that he could back the garbage truck safely and without interfering with other traffic." We disagree and any duplicate arguments will not be readdressed here.

¶ 35    It is well established that, in an appeal from a jury verdict, a reviewing court may not simply reweigh the evidence and substitute its judgment for that of the jury. *Snelson v. Kamm*, 204 Ill. 2d 1, 35 (2003); *Rhodes v. Illinois Central Gulf R.R.,* 172 Ill. 2d 213, 242 (1996); *Doser v. Savage Manufacturing & Sales, Inc.,* 142 Ill. 2d 176, 189–90 (1990). Indeed, a reviewing court may reverse a jury verdict only if it is against the manifest weight of the evidence. *Id*.; *Rhodes,* 172 Ill. 2d at 242. A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary, and not based upon any of the evidence. *Id*.; *Leonardi v. Loyola University of Chicago,* 168 Ill. 2d 83, 106 (1995); *Maple,* 151 Ill. 2d at 454.

¶ 36    Here, the record reflects that Perez looked right, then looked left, prior to reversing, and that he did not see any vehicles behind him prior to reversing. The evidence also established that when he began to reverse, the truck started beeping to alert passengers and vehicles. It was not until he looked right again that he noticed plaintiff's SUV already behind him.

¶ 37    We agree with plaintiff that the fact that Perez's truck had a beeping alarm when moving in reverse is not a defense; but it is a fact that the jury could consider. *Maple*, 151 Ill. 2d at 452. Further, plaintiff's conflicting testimony that he was behind Perez before Perez began reversing, was a disputed fact that the jury resolved against plaintiff. The jury's verdict against plaintiff was based upon facts in the record. Illinois law is clear that it is the province of the jury to resolve conflicts in the evidence, to pass upon the credibility of the witnesses, and to decide what weight should be given to the witnesses' testimony. *Maple*, 151 Ill. 2d at 452.

¶ 38    We will not reweigh the evidence or substitute the jury's judgment for our own. The findings of the jury were reasonable and were supported by evidence presented at trial. Therefore, we find that the jury's verdict was not against the manifest weight of the evidence because the opposite conclusion is not clearly evident.

¶ 39                    Judgment Notwithstanding the Verdict

¶ 40    Plaintiff's final contention is that the circuit court erred when it denied his motion for judgment n.o.v. because the evidence of defendants' negligence was overwhelming. Plaintiff repeats his argument that the jury ruled against him because the circuit court erroneously failed to determine a question of law prior to instructing the jury on section 11-1205 of the Vehicle Code. For the reasons stated previously, we disagree.

¶ 41    A judgment n.o.v. is properly entered in those limited cases where "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Maple*, 151 Ill. 2d at 453, (quoting *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill. 2d 494, 510 (1967)). In ruling on a motion for a judgment n.o.v., a court does not weigh the evidence, nor is it concerned with the credibility of the

witnesses; rather it may only consider the evidence, and any inferences therefrom, in the light most favorable to the party resisting the motion. *Id.; Mizowek v. De Franco*, 64 Ill. 2d 303, 309–10 (1976). Most importantly, a judgment n.o.v. may not be granted merely because a verdict is against the manifest weight of the evidence. *Id*. The standard for entry of a judgment *n.o.v.* is a high one and is not appropriate if, "reasonable minds might differ as to inferences or conclusions to be drawn from the facts presented." *Lawlor v. N. Am. Corp. of Illinois*, 2012 IL 112530, ¶ 37 (quoting *Pasquale v. Speed Products Engineering,* 166 Ill. 2d 337, 351 (1995)). Our standard of review is *de novo. Lawlor*, 2012 IL 112530, ¶ 37.

¶ 42    In this case, faced with conflicting, disputed testimony from the parties, it was the jury's responsibility to consider those discrepancies and evaluate the credibility of the witnesses; it is not this court's duty to reweigh the evidence and make our own determinations. *Maple*, 151 Ill. 2d at 452–53. It is error to enter judgment n.o.v. where the evidence demonstrates a substantial factual dispute or where the assessment of the credibility of witnesses may be decisive of the outcome. *Noel*, 177 Ill. App. 3d at 781. Furthermore, the evidence did not overwhelmingly favor plaintiff. The parties disputed whether plaintiff was already behind the garbage truck when it began to reverse; whether the truck began beeping before plaintiff was behind the truck; whether the truck was reversing rapidly or slowly; and whether Perez was talking on his cell phone or not. Applying the *de novo* standard of review, we are unable to conclude that the jury's verdict is unfounded or that the evidence so overwhelmingly favored plaintiff that its verdict cannot stand. *Maple*, 151 Ill. 2d at 441–442. Accordingly, the circuit court did not err in denying plaintiffs' motion for a judgment n.o.v.

¶ 43                                        CONCLUSION

¶ 44    For the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 45    Affirmed.